## Hall, et al. v. Vincent.

(Decided October 27, 1910.)

### Appeal from Carter Circuit Court.

Contract—Sale of Timber—Conflicting Evidence—Finding of Chancellor Affirmed.—In this controversy for the sale of certain growing timber, including an engine, boiler, and saw-mill, with tools, machinery, bellows, anvil, blacksmith tools, one yoke of bulls, four yoke of oxen, and a wagon, for $3,300, on which $1,000 was paid and balance secured by lien; Held, that while the weight of the evidence, numerically considered, may be with appellants, yet all the circumstances tend to corroborate appellee and his witnesses. As the whole matter is one about which men might honestly differ, it follows that there is a sharp conflict in the evidence. A careful reading of the record, however, convinces us that the finding of the chancellor for the appellee is correct, and the same is affirmed.

GEORGE W. ARMSTRONG and H. L. WOODS for appellants.

THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On June 10th, 1907, appellee, L. S. Vincent, sold to appellants, Paynter and Hall, all the timber over ten inches in diameter then growing on a certain tract of land in Carter county, Ky., together with one thirty-

horse power engine, boiler and sawmill, with all the tools and machinery belonging thereto, log chains, etc.; also one bellows, anvil and blacksmith tools, one yoke of bulls, yoke and chains, four yoke of oxen, and one four-horse wagon. The purchase price was $3,300.00. Of this sum, $1,000.00 was paid in cash, and appellants executed their notes for the balance, payable in four, eight and twelve months. Appellee retained a lien on the property to secure the deferred payments.

The note due in four months was paid. This action was brought on the second note for $767.00, which was past due when the suit was instituted. Some time after the sale by appellee to appellants, Paynter and Hall, the latter sold the yoke of oxen and wagon to Jesse Walker, and the remainder of the property to appellant, J. W. Schumate, who, it seems, was financing the undertaking. Appellants were disposing of the property as fast as they could, and were thus diminishing the value of appellee's lien. Accordingly, an attachment was sued out upon proper allegations in the petition. Appellants obtained the discharge of this attachment by executing bond. After denying the allegations of the petition, appellants defended on the ground that the Carter County Fire Brick Company, a corporation, entered into a contract with appellants, Paynter and Hall, to saw for it a bill of lumber, consisting of 39,000 feet, and agreed to pay therefor the sum of $702.00; that appellee, in order to get them to saw the lumber at once, agreed that if they would saw and deliver it at a place to be designated by him, he would accept said lumber for the brick company and would give appellants credit for the amount of their bill on the note sued on and take the same on said company; that in accordance with this agreement appellants did saw said bill of lumber and deliver a part of it at a place designated by appellee; that appellee then stopped them from delivering any more of it; that they had complied with their contract so far as they could, and were ready, willing and able to deliver the balance of the lumber. Appellants further pleaded that they, with the acquiescence of appellee, had sold the yoke of oxen and wagon to Jesse Walker, a colored man; that Walker was to work for appellants, and that half the proceeds derived from the use of the oxen and wagon was to be applied to the payment of appellee's debt; that appellee thereby accepted Walker as his debtor instead of appellants. Appellants afterwards amended their

answer, and claimed that the lumber which they had agreed to cut and saw, to the amount of $702.00, was actually purchased by appellee, and that he agreed to credit the amount of their bill on the note in question.

Proof was heard and the case submitted to the chancellor, who gave judgment in favor of appellee. From that judgment Paynter, Hall and Schumate appeal.

The evidence for appellants, which may be found in the depositions of Hall, Paynter and Schumate, tends to establish their contentions. One or two other witnesses also state that appellee said he was going to credit the proceeds of the lumber on Paynter and Hall's indebtedness to him. The evidence for appellee, however, as shown by his deposition and that of C. M. Ackerman, president of the Carter County Fire Brick Company, is to the effect that the fire brick company itself made the contract referred to. According to the terms of this contract, 70 per cent. of the timber cut and sawed by appellants was to be white oak, and 30 per cent. of timber of an inferior quality. Appellee only agreed to credit the amount of Paynter and Hall's bill against the Carter County Fire Brick Company in the event they delivered the lumber contracted for and it was accepted by the company. Appellants delivered only a small quantity of timber, which was of inferior quality, and did not come up to the standard required. For this reason it was rejected. About this time the Carter County Fire Brick Company made complaint to the appellants of the fact that they were cutting timber from its property. Appellants then wrote that this was a mistake, and that they were willing to offset the value of the timber so cut against their bill of $702.00 against the company. Appellee never agreed to release his lien upon the oxen and wagon sold to Jesse Walker; he merely acquiesced in the arrangement.

While the weight of the evidence, numerically considered, may be with appellants, yet all the circumstances of the case tend to corroborate appellee and his witnesses. It is not at all probable that appellee would consent to release appellants and surrender his lien, which was amply secured, and accept in lieu thereof other debtors without the security he then had. There was certainly no inducement for appellee to surrender his lien upon the yoke of oxen and wagon and substitute the negro driver for appellants. He would then have been without any security at all, with less likelihood of being paid by the

negro than by appellants. But even if it be conceded that appellee did actually agree that appellants should cut and saw the lumber referred to and deliver it at a place to be designated by him, the weight of the evidence is to the effect that appellants failed to comply with their contract in this respect.

As the whole matter is one about which men might honestly differ, it necessarily follows that there is a sharp conflict in the evidence. A careful reading of the record, however, convinces us that the chancellor's conclusion is correct.

As there was no judgment sustaining the attachment, the question of the right of appellee to obtain the attachment in the first instance is not before us.