## Kentenia Corporation v. Boreing Land & Mining Company.

(Decided May 19, 1914.)

### Appeal from Harlan Circuit Court.

1. Quieting Title—Right of Action and Defenses—Possession of Plaintiff.—The owner of mineral rights may sue the owner of the surface who claims under a deed purporting to convey to him the absolute fee simple title, to cancel such deed in so far as it purports to convey the minerals which had theretofore been severed by conveyance of the remote common grantor, and to quiet his title, without alleging actual possession of the minerals.

2. Judgment—Merger and Bar of Causes of Action and Defenses—Identity of Cause of Action in General.—The best and most invariable test as to whether a former judgment is a bar is to inquire whether the same evidence will sustain both the present and the former action; if this identity of evidence is found, it will make no difference that the form of the action is not the

same. Identity of subject matter only is not an invariable criterion of the sufficiency of the former judgment as an estoppel.

FRANK CHINN for appellant.

H. C. CLAY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On March 7, 1888, one Hiram Cawood, being the owner of a tract of land in Harlan County, containing 62.102 acres, sold and conveyed to J. H. Middleton and Calvin Pace the minerals therein and thereunder. They, on June 27, 1888, conveyed the minerals thereof to Cumberland Valley Land Company.

On March 27, 1896, one Charles Henry Davis, Trustee, instituted in the circuit court of the United States for the Eastern District of Kentucky, an action against the Cumberland Valley Land Company and other defendants, seeking to recover the possession of a number of tracts of land and the minerals of a number of other tracts, among them being the minerals of the 62.102 acres aforesaid.

In compromise and settlement of that action as between Davis, trustee, and the Cumberland Valley Land Company, the parties mentioned entered into a contract, by the terms of which the land company was to execute to Davis, trustee, a quit-claim deed covering one of the tracts of land which was in controversy in that action; and Davis, trustee, agreed to execute to the land company a quit-claim deed covering all the remaining lands and minerals in controversy therein, including the minerals of the 62.102 acres mentioned; and the action was dismissed as against the land company.

Thereupon the land company, pursuant and according to the terms of the contract, executed and delivered to Davis, trustee, a quit-claim deed covering the tract which it agreed to so convey; but Davis, trustee, failed and refused to execute and deliver to the land company a quit-claim deed covering the remaining tracts of lands and minerals in accordance with the terms of the contract.

The Cumberland Valley Land Company thereupon instituted an action in the Harlan Circuit Court, in June, 1910, against Davis, trustee, seeking to enforce a specific performance of the contract of compromise above mentioned; and in that action an agreed judgment was rendered and entered directing Charles Henry Davis, trus-

tee, to execute and deliver to the Cumberland Valley Land Company, on or before January 3, 1911, a quit-claim deed covering all the tracts of land and minerals mentioned in the contract of compromise except the minerals of the 62.102 acres heretofore mentioned, the plaintiff land company dismissing its action against defendant, as to that tract, without prejudice; and the judgment directed that in default of the execution and delivery by Davis, trustee, of such deed, the commissioner of the court should do so in his stead. He declined to execute it, and the commissioner, pursuant to the terms of the judgment, did so.

Thereafter, on March 8, 1911, the Cumberland Valley Land Company instituted a second action in the Harlan Circuit Court against Davis, trustee, seeking to coerce the execution and delivery of a quit-claim deed covering the minerals of the 62.102 acres in accordance with the terms of the contract of compromise heretofore mentioned. The Kentenia Corporation was joined as a defendant, it being alleged that the corporation had accepted from Davis, trustee, a deed conveying the 62.102 acres to it, with the agreement and understanding upon its part, that it would execute and deliver to the Cumberland Valley Land Company a quit-claim deed covering the minerals of the tract so conveyed, in accordance with the terms of the contract of the grantor, Davis, trustee, with the Cumberland Valley Land Company, entered into by way of compromise of the action in the United States Circuit Court heretofore mentioned.

The defendant removed this action to the United States Circuit Court for the Eastern District of Kentucky; and in that court, the Kentenia Corporation answered denying that it had ever accepted any deed from Charles Henry Davis, trustee; and alleging that at the time the contract of compromise was entered into between Davis, trustee, and the Cumberland Valley Land Company, it, the Kentenia Corporation, was itself the owner and in the possession of the 62.102 acres claiming, holding and owning it under a title superior to that of both the Cumberland Valley Land Company and Davis, trustee.

In that action, a judgment was entered on August 14, 1912, dismissing the petition. The opinion of the court shows that as to the defendant, Kentenia Corporation, it was dismissed upon the ground that as that was a suit for specific performance, and as the Kentenia Corpora-

tion was not claiming under Davis, trustee, it was not therefore subject to the demand for the specific performance of the contract made by Davis, trustee. It was dismissed as to defendant, Davis, trustee, upon the ground that by the judgment rendered in the Harlan Circuit Court in the action filed in June, 1910, the plaintiff was barred of his right to sue for specific performance of the contract of compromise as to this remaining tract, the court holding that the former suit having been brought to enforce the contract in full, and judgment having been taken therein as to part only, plaintiff would not be permitted to split up his cause of action on the contract, and to sue in a subsequent action seeking to enforce the performance of the contract as to the remaining tract.

Pending that proceeding, the Cumberland Valley Land Company sold and conveyed the minerals of the 62.102 acres to the Boreing Land and Mining Company, plaintiff herein, on April 8, 1911.

Thereafter, on August 3, 1912, the Boreing Land & Mining Company instituted this action in the Harlan Circuit Court against the Kentenia Corporation, alleging that the plaintiff was the owner and in the constructive possession of the minerals of the 62.102 acres, and that the defendant was wrongfully claiming title to said minerals under and by virtue of a conveyance from Cumberland Company, of date August 3, 1908.

It is alleged in the petition that Hiram Cawood, notwithstanding his conveyance of the minerals of the 62.102 acres to Middleton and Pace, under whom the plaintiff claims, executed and delivered to one Hensley a deed purporting to convey to him the absolute fee simple title thereto; that Hensley in turn conveyed in like manner to one Fields; and that Fields conveyed in like manner to the Cumberland Company, which in turn conveyed to the defendant, Kentenia Corporation. It is alleged that neither Hensley, nor Fields, nor the Cumberland Company had any title to the minerals of the 62.102 acres; and that defendant is claiming under these conveyances, and under the Cawood title, the same under which plaintiff claims, the minerals of the 62.102 acres in question. Plaintiff prayed that the deed of September 11, 1908, from the Cumberland Company to Kentenia Corporation be canceled in so far as it purported to convey the minerals of the 62.102 acres therein conveyed; and that defendant be enjoined from claiming or asserting title to the minerals of the 62.102 acres under said title.

Defendant, answering, denied that plantiff was the owner, or in the possession of the minerals of the 62.102 acres; alleged that it, the defendant, was the owner and in the possession of the 62.102 acres as well as the minerals therein and thereunder; and prayed that plaintiff be enjoined from asserting any claim or title to the minerals thereof. Defendant also pleaded in bar of this action the proceedings and judgment of the United States Circuit Court for the Eastern District of Kentucky, heretofore mentioned.

Upon a trial, the chancellor adjudged that the plaintiff, Boreing Land & Mining Company, was the owner of the minerals of the 62.102 acres; and adjudged a cancellation of the deed of August 3, 1908, from Cumberland Company to Kentenia Corporation in so far as it purports to convey the minerals therein and thereunder; and from that judgment, defendant, Kentenia Corporation, appeals.

It is first contended by appellant that the demurrer to the petition should have been sustained for the reason that plaintiff alleges only constructive possession of the minerals of the 62.102 acres. But this objection that the petition does not show that the plaintiff is in the actual possession of the minerals mentioned, cannot be maintained. The defendant company, being in possession of the surface under a deed purporting to convey the fee simple title to the land without exception or reservation of the minerals thereof, it was not necessary that the plaintiff be, or allege that it was, in the actual possession of the minerals.

The case of Farnsworth v. Barrett, 146 Ky., 556, 142 S. W., 1049, forecloses this contention. In that case, one Banks owned a tract of land, the minerals of which he conveyed to Henderson Coal Company, from which company the minerals passed by mesne conveyances to one Barrett. Barrett sold and conveyed same to Keystone Mining & Manufacturing Company, retaining a vendor's lien.

Banks, after and notwithstanding his conveyance of the minerals of the tract to the Henderson Coal Company, executed a deed to one Holloway without exception or reservation of the minerals, conveying the land in fee; and Holloway conveyed in like manner to Taylor, who so conveyed to Farnsworth; and Farnsworth likewise conveyed to Mrs. Nicholson.

Barrett sued Keystone Mining & Manufacturing Company to enforce his vendor's lien; that company answered and cross-petitioned Farnsworth and Mrs. Nicholson, alleging that they were claiming the minerals of the tract under the conveyances mentioned, notwithstanding the fact that the remote common grantor, Banks, before the execution of the deed under which Farnsworth and Mrs. Nicholson derived title, had severed the minerals of the tract by conveyance to Henderson Coal Company under which the Keystone Company claimed. They answered and asserted ownership of the minerals of the tract. In that case, this court said:

"Mrs. Nicholson, not having possession of the minerals under the land, but only of the surface, could not have maintaned a suit to quiet her alleged title to the mineral rights. Combs v. V. I. C. & C. Co., 32 R., 601, 106 S. W., 815. On the contrary, the Keystone Mining & Manufacturing Company could have maintained a suit against Mrs. Nicholson, the owner of the surface, to quiet its title to the minerals, wthout being in possession of the land. Eversole v. V. I. C. & C. Co., 122 Ky., 649."

Identically the same state of facts exist in the case at bar. Boreing Land & Mining Company, the plaintiff, has a complete chain of title to the minerals from Middleton and Pace, to whom Cawood conveyed the minerals of the 62.102 acres; just as Keystone Mining & Manufacturing Company had from Banks in the Farnsworth case.

Defendant, Kentenia Corporation, in the case at bar, has a complete chain of title from Cawood for the land, without exception or reservation of the minerals which he had severed by prior conveyance; just as Mrs. Nicholson had in the Farnsworth case. And defendant, Kentenia Corporation, is in possession of the surface, in the case at bar, just as Mrs. Nicholson was in the Farnsworth case.

And, upon the authority of that case, plaintiff, Boreing Land & Mining Company, may maintain its action against defendant corporation to quiet its title to the minerals of the 62.102 acres, without being in possession thereof. The case of Cumberland Company v. Kelly, 156 Ky., 397, relied on by appellant, is not in conflict with the views herein expressed. In that case, the defendant claimed under a conflicting and independent basic title, not under a remote common grantor with the plaintiff; and the question of the rights of the respective owners

of the minerals and surface of a tract of land claimed under a remote common grantor was not therein involved.

2.  Appellant also contends that the chancellor erred in sustaining the demurrer to the second paragraph of its answer, wherein it pleaded an estoppel by virtue of the judgment of the United States Circuit Court for the Eastern District of Kentucky in the action of Cumberland Valley Land Company v. Davis, trustee, and Kentenia Corporation hereinbefore mentioned.

Appellant contends that appellee had notice of the pendency of that suit at the time it received the conveyance of the minerals of the 62.102 acres from the plaintiff therein; and that appellee is bound thereby.  This may be conceded.

But that judgment merely dismissed the petition seeking specific performance of the contract of Davis, trustee, whereby he promised to convey by quit-claim deed, to the Cumberland Valley Land Company, the minerals of the 62.102 acres.  The judgment expressly says that "there is no issue as to such ownership, and plaintiff asks no relief based thereon," and that court refused to pass on this question.

In section 259, of Freeman on Judgments, it is said: "The best and most invariable test as to whether a former judgment is a bar, is to inquire whether the same evidence will sustain both the present and the former action.  If this identity of evidence is found, it will make no difference that the form of the two actions is not the same."  To the same effect, see 23 Cyc., 1158.

In the action, the judgment in which is here sought to be interposed as a bar to this action, the plaintiff, Cumberland Valley Land Company, alleged that Kentenia Corporation at the time it accepted from Davis, trustee, a conveyance of the 62.102 acres, had notice of the contract of compromise whereby Davis, trustee, promised to convey the minerals of the 62.102 acres to plaintiff, and that Kentenia Corporation accepted that deed with the agreement upon its part that it would, in accordance with the terms of the compromise contract, convey by quit-claim deed, the minerals of the 62.102 acres to the plaintiff. The Kentenia Corporation, answering, denied that it had ever accepted any deed from Davis, trustee, and upon that ground, the petition was dismissed by the court, as against the Kentenia Corporation.

In the case at bar there is no effort to coerce a performance of the contract of compromise entered into by

Davis, trustee. There is no allegation that defendant, Kentenia Corporation, holds or claims under Davis, trustee. On the contrary, in this action, it is charged that defendant claims under a remote grantor common with plaintiff, but that said remote common grantor, after executing a conveyance of the minerals of the 62.102 acres to the person under whom plaintiff claims, executed a deed to another person, under whom defendant claims, conveying the 62.102 acres, without exception or reservation of the minerals which he had therefore severed; and in this action plaintiff seeks a cancellation of the deed under which defendant claims, in so far as it purports to convey the minerals of the 62.102 acres, for the reason stated.

It will thus be seen that while the minerals of the 62.102 acres was the subject matter of the former action as well as of this, the cause of action is not the same. The same evidence which would authorize a recovery in the first action, would not authorize a recovery in this.

Nor is the vital issue the same as in the former action. In the former action, as expressly held by that court, the issue between the plaintiff, Cumberland Valley Land Company and defendant, Kentenia Corporation, was—Did the Kentenia Corporation accept from Davis, trustee, a deed conveying to it the 62.102 acres, with notice of the compromise contract heretofore mentioned, and with the agreement upon its part that it would in conformity with that contract, execute to Cumberland Valley Land Company a quit-claim deed covering the minerals of the 62.102 acres?

In the present action, the issue is whether the conveyance under which Kentena Company is alleged to claim the minerals of the 62.102 acres, vested in the Kentenia Corporation title to the minerals thereof, notwithstanding the fact that Cawood had severed the minerals thereof by conveyance to one under whom plaintiff claims, before conveying the land to him under whom defendant claims; and if not, whether the execution and recordation of deeds purporting to convey the fee of the 62.102 acres, without exception or reservation of the minerals by persons who, in point of fact, are not the owners of the minerals because of the former severance thereof, is such a fraud upon the rights of the plaintiff as to entitle it to a cancellation of the deed sought to be cancelled, in so far as it purports to convey the minerals of the 62.102 acres of the defendant.

There is identity of subject matter—that is, the minerals of the 62.102 acres here involved, was likewise involved in the former action the judgment in which is sought to be interposed as a bar to this acton; but identity of subject matter is not an infallible criterion of the sufficiency of the former judgment as an estoppel. "The true requirement is that the cause of action in the two suits shall be the same." 23 Cyc., 1166.

It follows, therefore, that the chancellor properly sustained the demurrer to the second paragraph of the petition, wherein the judgment mentioned was pleaded as an estoppel against the cause of action in the petition set out.

3. Appellant also contends that the court erred in overruling its motion to strike from the petition that part of same in which plaintiff set up in detail the chain of title under which it claims the minerals of the 62.102 acres, as well as the chain of title under which defendant claims, tracing both back in connected order to the common grantor, Cawood. But, in this contention, we do not concur. While it may be conceded that plaintiff was not required to plead the manner of derivation of its title and that of defendant, yet, pleaded as it was, it curtailed the evidence, sharply defined the real controversy between the parties, and enabled the court to comprehend without difficulty the facts to which it was sought to have the law applied. It apprised the defendant of what was admitted by the plaintiff as well as what was claimed by it; and obviated the necessity of either party offering evidence to establish the facts thus admitted.

The chancellor did not abuse the discretion vested in him in overruling the motion to strike from the petition the language of which complaint was thus made.

The judgment is affirmed.