## Cumberland Company v. Kelly.

(Decided December 11, 1913).

## Appeal from Harlan Circuit Court.

1. Land—Quieting Title—Possession — When Necessary. — Where plaintiff claims under one patent and defendant under a deed from the patentee of another patent, plaintiff, if not in possession, cannot maintain an action to cancel the deed under which defendant claims and to quiet his title thereto, without showing some equitable ground for its cancellation other than the mere fact that it covers the lands in controversy and thereby creates a cloud on plaintiff's title.

2. Land—Action to Quiet Title—Proof of Possession—Answer by Defendant—Superiority of Title.—While it is the rule that where plaintiff fails to show actual possession and defendant, by answer and counterclaim, asserts title in himself and asks that his title be quieted, the court will pass on the question of superiority of title, yet this rule does not apply where the defendant merely denies plaintiff's title and possession and asserts title and possession in himself without asking by counterclaim that his title be quieted, or that he be given other affirmative relief.

WILLIAM LOW and J. S. FORESTER for appellant.

CLAY & CARTER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Alleging that he was the owner and in possession of a certain tract of land described in his petition, and that the defendant was claiming title thereto under a deed from C. C. Howard, which clouded his title, plaintiff, W. B. Kelly, Sr., brought this action against defendant, Cumberland Company, a corporation, to have the deed in question canceled and the cloud removed from his title. Defendant denied both the title and possession of the plaintiff and pleaded ownership of the land under a title superior to that under which plaintiff claimed, but asked no affirmative relief by way of counterclaim. On final hearing plaintiff was adjudged to be

the owner of all the land in controversy, with the exception of about 20 acres embraced in a patent issued to C. F. C. Nolen, who was one of plaintiff's grantors and who had conveyed this patent before he made conveyance to plaintiff, and granted plaintiff the relief prayed for. From that judgment this appeal is prosecuted.

Plaintiff claims title under a 200-acre patent issued to James Turner July 18, 1843, pursuant to survey made April 15, 1841. Defendant claims title under a deed, herein sought to be canceled, from C. C. Howard, who had previously obtained a patent from the Commonwealth covering the land. If located according to plaintiff's contention, the 200-acre James Turner patent covers the land in controversy, and that patent being prior in time and superior to the C. C. Howard patent, it follows that plaintiff has the better title, provided his location of the patent is correct. On the other hand, if the 200-acre patent be located according to defendant's contention, it will not cover the land in controversy, and defendant has the superior title under and by virtue of the C. C. Howard deed and patent.

In view of the conclusion of the court on another phase of the case, we deem it unnecessary to set out or consider the evidence bearing on the location of the James Turner 200-acre patent.

While plaintiff alleged that he had the legal title to and was in possession of the land in question, he utterly failed to prove possession. The general rule, and one well settled in this State, is that in order to maintain an action of *quia timet* the plaintiff must have both title and actual possession. Harris v. Smith, 2 Dana, 10; Armitage v. Wickliffe, 12 B. Mon., 494; Floyd v. L. & N. R. R. Co., 80 S. W., 204, 25 Ky. L. R., 2147; Whipple v. Earick, 93 Ky., 121. Plaintiff, however, insists that although not in possession, he may maintain this action under the well-known rule that equity has the power to prevent or remove a cloud from the title of one not in possession, and also on the further ground that where the defendant answers and claims title to the land in controversy, the chancellor will hear the evidence and determine which has the superior title. In support of the first proposition he relies on the following class of cases: Packard v. Beaver Valley Mining Company, 96 Ky., 249; Herr, &c. v. Martin, 90 Ky., 379; National Bank of Commerce, &c. v. Licking Valley Land & Mining Co., 15 Ky. L. R., 211; Camp v. Hall, 23 S. W., 934; 15 Ky. L. R., 511; Caywood v. Howard, 113 S. W., 109. In

support of the second proposition he relies on the following cases: McGowan v. Branham, 95 Ky., 581; Fox v. Cornett, 124 Ky., 139; 92 S. W., 959; Vance v. Gray, 142 Ky., 267; Johnson v. Farris, 140 Ky., 439; Clark's Heirs v. Boyd, 152 Ky., 34. When carefully analyzed, the first class of cases goes no further than to hold that where the defendant has acquired a deed to another's land by fraud or questionable contrivance, or has appropriated or converted to his own use the title of another, the latter, though not in actual possession, may maintain an action in equity to cancel the instrument and remove the cloud from his title. The doctrine therein announced has no application to the facts of this case. Defendant did not obtain its deed from Howard by fraud. It is not seeking to approprriate or convert plaintiff's title. It is claiming title by deed from a third party whose patent covers the land. Manifestly, the only question in the case is: Has the plaintiff or the defendant the paramount title?

No ground for canceling defendant's deed other than the fact that it covers the land in question is shown. If, under these circumstances, plaintiff could maintain the action in question without possession, it is difficult to imagine a case where such an action could not be maintained. In every instance of conflicting patents the plaintiff could allege that some one of the deeds under which defendant held covered land sought to be recovered, and maintain an action in equity, though not in possession. Such is not the rule in this jurisdiction. In order to maintain such an action without possession, cancellation of the instrument must be the main relief sought, and must be based on some equitable ground other than the mere fact that it covers the land in controversy, and thereby creates a cloud on plaintiff's property. This rule does not leave plaintiff without a remedy. If the defendant be in possession, plaintiff may sue in ejectment; if the defendant be not in possession, plaintiff may take possession himself and thereby compel the defendant to sue him.

The second contention of plaintiff is equally untenable. The cases relied on simply hold that although in an action to quiet title plaintiff must show actual possession, yet where the defendant asserts title to the land in controversy by answer and counterclaim, and asks that his title be quieted, the court, notwithstanding the failure on the part of plaintiff to show actual possession, will consider the entire evidence and pass on the

question of superiority of title. While in the present case the defendant denied plaintiff's title and possession and asserted title and possession in itself, it did not, by answer and counterclaim, ask that its title be quieted, or seek any affirmative relief. That being true, the cases relied on have no application.

Plaintiff's case not coming within any of the exceptions to the rule that to maintain an action to quiet title he must have both the legal title and actual possession, his failure to prove possession was fatal to a recovery.

Judgment reversed and cause remanded with directions to dismiss the petition without prejudice to a future action.