## Childers v. York, et al.

### (Decided March 5, 1920.)

### Appeal from Pike Circuit Court.

1. Quieting Title—Possession of Plaintiff—Requisite of Possession Dispensed With.—To maintain an action to quiet title plaintiff must both allege and prove (if denied) that he is the owner of the land the title to which is sought to be quieted, and is in the possession thereof. But the requisite of possession may be dispensed with where defendant answers claiming the land, or a portion thereof, and seeking affirmative relief against plaintiff and to have his title quieted or himself adjudged to be the true owner.

2. Quieting Title—Possession of Plaintiff.—It is unnecessary for plaintiff to either allege or prove possession of the land involved where defendant's adverse claim or title constitutes an effort on his part to wrongfully seize and appropriate plaintiffs' title;

but where defendant's claim is an independent paramount title to that of plaintiffs, the latter must allege and prove possession in order to maintain the action.

3. Quieting Title—Possession of Plaintiff—Title.—In this case the defendant's alleged title consisted in an effort to patent a portion of plaintiffs' land by a junior entry. Held that such claim constituted an independent paramount title and not a wrongful seizure or appropriation of plaintiffs' title, and it was necessary for plaintiffs to allege and prove both title and possession in order to procure cancellation of defendant's claim.

CHILDERS & CHILDERS for appellant.

J. M. YORK and ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellees, J. M. York and Roscoe Vanover, who were plaintiffs below, filed this suit in the Pike circuit court against appellant and defendant below, A. W. Childers, seeking to quiet plaintiffs' title to a described tract of land in that county containing, according to the patents issued by the Commonwealth to plaintiffs' remote vendor, one hundred (100) acres, but the description of which was greatly enlarged by metes and bounds contained in deeds executed by subsequent owners. It was alleged that the defendant, in 1915, had gone upon the enlarged boundary of the land contained in plaintiffs' deeds and made a survey preparatory to obtaining a patent for fifty (50) acres lying mostly outside of the boundary of the original patent but within the boundary of the subsequent deeds, and that such action on his part constituted a seizure of plaintiffs' title and would result in a confusion of the boundary lines of plaintiffs' land, which they insist entitled them to maintain this suit, although it was not alleged that they were in possession. They claim title to the intervening land between the boundaries of the patents of their remote vendor and the boundaries of their deeds by adverse possession.

In his answer the defendant denied plaintiffs' title and alleged that he was the owner of fifty acres of land, which he described, lying within the description contained in plaintiffs' deeds which he claimed did not interfere with the boundary contained in the patents under which plaintiffs claim title, but he did not ask that he be adjudged the owner of the land described in his an-

swer. He sought no affirmative relief, but prayed only for a dismissal of the petition.

Appropriate pleadings made up the issues, and upon final submission the court sustained the contention of the plaintiffs and adjudged that they were the owners of the land described in their deeds, and that defendant's survey or patent, in so far as it conflicts with such description, is void, and that plaintiffs be quieted in their title and possession as prayed by them. From that judgment defendant prosecutes this appeal.

Counsel for both sides discuss at length the testimony heard upon the trial, and in brief for defendant it is insisted that the evidence is insufficient to support the judgment, while counsel for plaintiffs make a contrary contention. The further question is raised as to whether there has ever been any possession, adverse or otherwise, of the land lying outside of the boundaries of plaintiffs' patents, and within the boundary of their deeds, but under the view which we take of this record we do not deem it necessary to consider either of the questions mentioned, since we are convinced that the petition should be dismissed upon the ground that this suit is one solely to quiet title, and plaintiffs neither allege nor prove possession of the land.

Section 11 of the Kentucky Statutes requires, as conditions precedent to the maintenance of an action to quiet title, that plaintiff should own the legal title to the land and be in possession thereof. These requirements of the statute have been uniformly adhered to by this court, as will appear from the cases of Standifer v. Combs, 184 Ky. 708; Taylor v. Wilson, 183 Ky. 695; Same v. Same, 182 Ky. 593; Sackett v. Jeffries, Idem. 696; Turner v. Bowens, 180 Ky. 755; Sasseen v. Farmer, 179 Ky. 632; Williams v. Lowe, 175 Ky. 369; Fields v. Couch, 169 Ky. 554; Kypadel Coal & Lumber Co. v. Millard, 165 Ky. 432; Collins v. Adams, 137 Ky. 228; Clark's Heirs v. Boyd, 152 Ky. 234; Hall v. Hall, 149 Ky. 617; Le Moyne v. Hays, 145 Ky. 415; Musick v. Horn, Idem. 639, and many other cases referred to therein.

Plaintiffs admit the above undeviating rule, but they seek to bring themselves within the doctrine of the case of Herr v. Martin, 90 Ky. 377, which has been followed by this court in the cases of Tucker v. Wetherbee, 130 Ky. 269; Cumberland Company v. Kelly, 156 Ky. 397;

Kentenia Corporation v. Boreing Land & Mining Company, 159 Ky. 61; Engle v. Bond Foley Lumber Co., 173 Ky. 35; Elam v. Alexander, 174 Ky. 39; Frey v. Clark, 176 Ky. 661, and perhaps others. That doctrine is, that plaintiff may maintain a suit to cancel an adverse claim of title where he is the owner of the land but not in possession, when an effort is made on the part of the defendant to seize and fraudulently appropriate *the particular* title under which plaintiff claims, and which constitutes a slander of his title.

In the Herr case the distinction between the *quia timet* action contemplated by the statute, and one to cancel an outstanding fraudulent claim amounting to a seizure and slander of plaintiff's title, is thus stated:

"But said statute (section 11) does not relate to an effort to deprive one of his title by converting it to the party's use. Such effort is not clouding the other person's title by asserting a superior hostile title to the property, but is a deprivation of the title by converting the same to the use of the person seizing it. It is the wrongful seizing his title that is the foundation of the action. Asserting a paramount adverse title to the land is a cloud upon the title of the other party, but to seize his title is to deprive him of his right to his estate. In the first named case the person must have the legal title and the possession in order to maintain his action to remove the cloud from his title. In the latter case he can maintain his action, although not in the possession, as readily as if the injury were done to the corpus of his estate."

The other cases cited announce the same principle as the Herr case, although the question was presented in some of them under different facts and conditions. In each of them the outstanding claim originated from the same remote vendor as did the title of plaintiff, and to permit it to ripen into title by lapse of time would deprive plaintiff of his title altogether.

In the Engle case, *supra,* plaintiffs were claiming title through a sale of the land made by the sheriff at a sale for taxes, alleging that their ancestor was the purchaser at such sale, while defendants claimed that their remote vendor was the purchaser. The facts were that one Faubus bid off the land at the sheriff's sale and plaintiffs claimed that he did so for the use and benefit of

their ancestor and that they were entitled to a cancellation of defendant's deed which came through Faubus as remote vendor and to whom a succeeding sheriff executed a deed. It will thus be seen that the faulty title—whether held by plaintiffs or defendant—was not paramount to the other one, but was only an effort to seize and appropriate the valid title originally held by the one owing the taxes. The same principle will be found in the other cases, an analysis of which will not be given.

If perchance there are cases from this court seemingly in conflict with the above rule as first announced in the Herr case, we have no hesitancy in declaring them to be unsound, and they should no longer be followed.

The Cumberland Company case, *supra,* is one the facts of which are very similar to those found in the instant case. The plaintiff claimed title under a two hundred acre patent issued in 1843. Defendant claimed title through a deed from one Howard, to whom the land was conveyed by a subsequent patentee. Plaintiff was not in possession of the land, and although it was insisted that the facts brought the case within the doctrine of the Herr case, this court held otherwise, saying:

"When carefully analyzed, the first class of cases goes no further than to hold that where the defendant has acquired a deed to another's land by fraud or questionable contrivance, or has appropriated or converted to his own use the title of another, the latter, though not in actual possession, may maintain an action in equity to cancel the instrument and remove the cloud from his title. The doctrine therein announced has no application to the facts of this case. Defendant did not obtain its deed from Howard by fraud. It is not seeking to appropriate or convert plaintiff's title. It is claiming title by deed from a third party whose patent covers the land. Manifestly, the only question in the case is: Has the plaintiff or the defendant the paramount title?

"No ground for canceling defendant's deed other than the fact that it covers the land in question is shown. If, under these circumstances, plaintiff could maintain the action in question without possession, it is difficult to imagine a case where such an action could not be maintained. In every instance of conflicting patents the plaintiff could allege that some one of the deeds under which defendant held covered land sought to be re-

covered, and maintain an action in equity, though not in possession. Such is not the rule in this jurisdiction. In order to maintain such an action without possession, cancellation of the instrument must be the main relief sought, and must be based on some equitable ground other than the mere fact that it covers the land in controversy, and thereby creates a cloud on plaintiff's property. This rule does not leave plaintiff without a remedy. If the defendant be in possession, plaintiff may sue in ejectment; if the defendant be not in possession, plaintiff may take possession himself and thereby compel the defendant to sue him."

In the instant case the effort of defendant to patent some of plaintiffs' land, if successful, would create an outstanding and paramount title, and could not, under any process of reasoning, be considered as a fraudulent seizure of plaintiffs' title. If defendant should take possession under his invalid patent, if it be such, plaintiffs would have a complete remedy by ejectment to oust him and recover possession. No length of time without actual possession would ever ripen defendant's junior patent into a valid title so as to prevail over that of plaintiffs.

Neither do the facts of this case come within the exception to the rule requiring possession by plaintiff in order to maintain the action where defendant answers and asserts title to the land and asks that his title be quieted and that he be adjudged the owner of so much of the land as he claims, and that he obtain affirmative relief against plaintiffs. In such case the court will consider the entire evidence and pass upon the question of superiority of title. Cumberland Co. v. Kelly, Hall v. Hall, Fry v. Clark, Elam v. Alexander, Clarks' Heirs v. Boyd, *supra;* Lipps v. Turner, 164 Ky. 626; Vance v. Gray, 142 Ky. 67; Johnson v. Faris, 140 Ky. 439; Fox v. Cornett, 124 Ky. 139, and McGowan v. Branham, 95 Ky. 581.

The defendant, having prayed only for a dismissal of the petition without asking affirmative relief, as we have seen, the plaintiffs were not relieved under the doctrine of the cases last cited from alleging and proving not only title in themselves, but also that they were in possession of the land involved. Having neither alleged nor proved such possession, and their case not coming within either of the exceptions to the rule requiring possession by plaintiffs, their petition should have been dismissed and

the judgment granting them the relief sought is erroneous.

'Wherefore, the judgment is reversed, with directions to set it aside, and to dismiss the petition.