## Big Sandy Company v. Abshire.

(Decided June 22, 1923.)

### Appeal from Pike Circuit Court.

1. Cancellation of Instruments—Petition Need Not Allege Plaintiff was in Possession.—Ky. Stats., section 11, requiring the plaintiff to allege and prove both title and possession in an action to quiet title, does not apply where the action is to prevent the appropriation and conversion of plaintiff's own title, by cancellation of a deed executed by her husband in which she joined, and a petition in the latter case is not demurrable because it fails to allege plaintiff was in possession.

2. Husband and Wife—Wife's Separate Estate Not Conveyed by Her Joining in Deed of Husband Conveying Property.—A wife's separate estate in the mineral rights of land is not conveyed by her

joining in the execution of a deed in which her husband was named as sole grantor and warrantor.

J. J. MOORE for appellant.

J. R. JOHNSON, JR., for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Alleging that she was the owner of the minerals in a described tract of land, appellee instituted this action against the appellant to cancel a deed for same, executed by her husband to appellant's remote vendor. She further alleged that at the time the deed was executed she was an infant, and that she signed and acknowledged same but did not join therein as a grantor; that as to her, the deed was void, but that under and by reason thereof appellants were claiming the minerals in said land, and "wrongfully and unlawfully attempting to appropriate and convert" her title to its own use. She prayed that the deed be cancelled, that she be adjudged the owner of the minerals in the land, and that her title be quieted.

After its demurrer to the petition had been overruled defendant filed a pleading styled an "Answer and Counterclaim," in the first paragraph of which it denied that plaintiff was the owner of the minerals in the land, or that the deed from her husband, which she sought to have cancelled, was void or ineffectual to pass her title thereto, or that it was wrongfully or unlawfully attempting to appropriate or convert her title to its own use, or that she was an infant when the deed from her husband was executed to its remote vendor, but admitting that it claimed title to the minerals by reason of the deed from plaintiff's husband.

In the second paragraph, and as a counterclaim, defendant alleged that it was the owner of the minerals in the land; and prayed that "plaintiff's petition be dismissed; for its cost; and for all general and special relief."

By agreement, the affirmative allegations in the answer and counterclaim were traversed of record.

Plaintiff proved her title to the land from the Commonwealth, and that at the time of the execution of the deed which she sought to have cancelled she was a minor, and the wife of D. B. Abshire. Her name appears in the caption of that deed merely as the wife of D. B. Abshire,

who alone attempts to convey and warrant his title thereto.

The defendant did not attempt to prove title to the land otherwise than through this deed from Abshire.

The chancellor cancelled the deed, adjudged plaintiff to be the owner of the minerals, and quieted her title thereto, and the defendant has appealed.

For reversal it is urged (1) that the court erred in overruling the demurrer to the petition, and (2) in cancelling the deed from D. B. Abshire to its remote vendor, and which plaintiff admitted she signed and acknowledged.

1. In an action to quiet title under section 11 of Kentucky Statutes, it is necessary for the plaintiff to allege and prove both title and possession, and as plaintiff neither alleged nor proved possession of the minerals involved in this action, it is insisted that the demurrer to the petition should have been sustained, and that on final submission the petition should have been dismissed, without reference to whether the deed she sought to have cancelled was valid or not.

The basis of this contention is the assumption that this is an action to quiet title under section 11, *supra,* and if this were true the contention would be sound, unless, as claimed for appellee, the answer and counterclaim converted the action into one to try title simply. But this is not an action under that section of the statutes, since the defendant is not casting a cloud upon her title by claiming the property under a different and hostile title, but through and under her own title. Hence it is an action to prevent the defendant from wrongfully appropriating and converting plaintiff's title under and by reason of a deed from her husband, and to which she was only a nominal but not a granting party.

The distinction between these two classes of cases is clearly pointed out in Cumberland v. Kelly, 156 Ky. 397, 160 S. W. 1077; Childers v. York, et al., 187 Ky. 332, 218 S. W. 1027; and Frasure, et al. v. Northern Coal & Coke Co., et al., 189 Ky. 574, 225 S. W. 479, in each of which will be found a citation of many cases of each class.

The rule is thoroughly settled that where, as here, the action is to prevent the appropriation and conversion of a plaintiff's own title, it is not necessary to allege or prove possession. Hence there is no merit in appellant's first contention.

2.   No authority is cited in support of the insistence that the involved deed is valid and sufficient to convey plaintiff's title to the minerals which had been conveyed to her by her father, as her absolute and separate estate, and none can be found, we are sure.

Aside from the fact that at the time she was an infant, it is clear, under many decisions of this court, that as the deed does not purport to be a conveyance by her or to convey her title, it was wholly ineffectual to accomplish that result.   Hatcher, et al. v. Andrews, et al., 5 Bush 561; Hedger v. Ward, et al., 15 B. Mon. 106.

Judgment affirmed.