## Johnson, et al. v. Collins, et al.

(Decided May 15, 1925.)

### Appeal from Franklin Circuit Court.

1. Adverse Possession—Defendants, Having Possession by Virtue of Possession of Another which was Not Adverse, Acquired no Title by Adverse Possession.—Where defendants never had actual possession of disputed property in hostility to any one, but always subordinate, and by virtue of possession of another, whose possession was shown to be under an executory contract of sale, and not adverse, by reason of his acknowledgment of vendor's title, held, that it was properly determined that defendants had no title.

2. Quieting Title—Defendant Held to have Waived Question of Possion:—Though ordinarily, under Ky. Stats., section 11, one suing to quiet title must plead and prove actual possession, such question is waived, where defendant by answer and counterclaim asserts his title to land and seeks to have it adjudged to be his land, in which case court will consider all evidence and pass on superiority of title.

POLK SOUTH, JR., for appellants.

LESLIE MORRIS and MORRIS & JONES for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is a companion case to Collins, et al. v. Brown, et al., this day decided, and in which all of the facts in-

volved in this appeal may be found. As decided in that case, the Johnson heirs never had actual possession of the property in dispute in hostility to any one, but always subordinate and amicable to and under and by virtue of such possession as Squire Tinsley had. It would, therefore, follow that the judgment of the lower court holding that the Johnson heirs had no title to this property is correct.

It is urged, however, on this appeal that the lower court should have sustained a demurrer of the Johnson heirs to the petitions as amended of the Tinsley heirs, and to the answer, counterclaim and cross-petition as amended of the Brown heirs, and further should have dismissed these petitions and cross-petitions because the Tinsley heirs' suit was an action to quiet title under section 11 of the statutes, as was also the counterclaim and cross-petition of the Brown heirs, and it is insisted that the pleadings and the proof both show that neither the Brown heirs nor the Tinsley heirs had possession of the 47 acres in question at the time this litigation was instituted, but that, on the contrary, the Johnson heirs had such possession at that time and since.

It is true that an action to quiet title under section 11, *supra,* cannot be brought unless the plaintiff has not only title but also possession. We are not quiet clear from this record whether or not Sam Johnson took possession of this property before or just after the litigation began. But be that as it may, the Johnson heirs in their answer to the petition of the Tinsley heirs, and in their answer to the cross-petition of the Brown heirs, asked that they be adjudged to be the owners of the property. On page 23 of the record in the prayer of the answer and counterclaim of the Johnson heirs to the petition of the Tinsley heirs, they asked: "Therefore, defendants pray that the plaintiff's petition and amended petition be dismissed; that the defendants be adjudged the owners and in possession of said land;" and on page 330 of the record in the prayer of their answer to the cross-petition of the Brown heirs they pray: "Wherefore, defendants, Johnson heirs, ask the court to dismiss the petition of the Tinsley heirs, and the cross-petition and counterclaim of the Brown heirs; that these defendants, Johnson heirs, be adjudged the owners of said land described." Both of these prayers are supported by the necessary aver-

ments in the pleading to which they are appended. While it is ordinarily true that under section 11 of the Kentucky Statutes one suing to quiet title must plead and prove his actual possession of the land, yet that question is waived where the defendant by his answer and counterclaim asserts his title to the land, and asked that it be adjudged to be his land, in which case the court will consider all the evidence and pass on the question of superiority of title. Frasure v. Northern Coal & Coke Co., 189 Ky. 574, 225 S. W. 479; Childers v. York, 187 Ky. 332, 218 S. W. 1027; Sackett v. Jeffries, 182 Ky. 696, 207 S. W. 454. Such is the case here, and therefore the court correctly passed on the superiority of title in this case after the defendants, the Johnson heirs, by their answer and counterclaim had asked the court so to do.

The judgment of the lower court is affirmed.