### Bennett v. Parsons.

(Decided December 14, 1928.)

### Appeal from Harlan Circuit Court.

1. Quieting Title.—Plaintiff may maintain action to quiet title under Ky. Stats., sec. 11, even though defendant is in possession of land, where answer, though not denominated a counterclaim, asks for affirmative relief.

2. Quieting Title.—In action under Ky. Stats., sec. 11, to quiet title, answer attacking deed to plaintiff from her husband as fraudulent and without consideration, and praying for judgment and all proper and equitable relief, must be taken as a counterclaim so as to entitle plaintiff to relief notwithstanding defendant's possession, in absence of proof that she acquired title fraudulently.

LEE & SNYDER for appellant.

E. H. JOHNSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This is a suit to quiet title. Mrs. Parsons was successful, and Bennett has appealed. The appellee, Dora Parsons, was plaintiff in the trial court, and we shall refer to her as the plaintiff here, while the appellant,

Bennett, was the defendant in that action, and he will be so referred to here.

On April 29, 1921, W. M. Ackels and others conveyed to A. L. and Dora Parsons lots 1, 2, 3, and 4 in block 7 of Middletown addition to the city of Harlan. The consideration for this conveyance was $875, $200 of which was cash, and the remainder divided into two payments of $337.50 each. The evidence shows that Mrs. Parsons made the cash payment and paid these notes, so that, though she paid for the whole of the property, she acquired title to only half of it, and that her husband, A. L. Parsons, acquired title to the other half, though he paid for none of it. On October 7, 1924, A. L. Parsons conveyed his half interest in this property to his wife for a consideration of $125, and the deed was immediately recorded.

On February 10, 1925, an execution, issued by the clerk of the Harlan circuit in favor of the defendant, C. V. Bennett, was levied upon these four lots and upon lots 7, 8, 9, and 16 in Bennett's addition to the city of Harlan, as the property of A. L. Parsons, the defendant in that execution. These eight lots were appraised at $1,000. On March 2, 1925, the sheriff sold them, and they were purchased by the defendant, C. V. Bennett, who was the plaintiff in that execution, and, as they had brought more than two-thirds of the appraised value, the sheriff put Bennett into possession of them.

## THE PETITION.

On September 30, 1926, the plaintiff, Dora Parsons, began this action, and in her petition alleged she was the owner of and in possession of the four lots described in the Ackels deed, and that the defendant, Bennett, was claiming to have purchased them at the sheriff's sale, and had a deed for them made by the sheriff on May 11, 1925. The plaintiff alleged that the claim of Bennett was unfounded, and that by virtue of this sale and deed he was casting a cloud upon her title, and she asked to have her title quieted.

## THE ANSWER.

Bennett filed two paragraphs of answer. In paragraph 1 he denied categorically the allegations of the petition. In paragraph 2 he attacked the deed from A.

L. Parsons to his wife, Dora, as fraudulent, and as having been made without any consideration, and for the fraudulent purpose and intent of cheating, hindering, and delaying the creditors of A. L. Parsons, and concluded his answer thus:

"Wherefore, having fully answered, defendant prays the plaintiff's petition be dismissed and for judgment, for his costs herein, and for all proper and equitable relief."

The proof for the plaintiff established that she had paid the whole of the $875 consideration for these four lots, and had paid her husband $125 for his interest in the lots, which was by the deed made by Ackels a half interest, but for which her husband had paid nothing. She admitted in her cross-examination that Bennett had taken possession of these lots. The defendant made no effort to disprove this, and his contention here is that Mrs. Parsons' petition was evidently drawn under section 11, Kentucky Statutes, to quiet her title, that she had alleged she was the owner of and in possession of these lots, and that plaintiff was by his acts creating a cloud on her title, and he insists that he was entitled to a judgment, because the plaintiff failed to show she was in possession and admitted that Bennett was in possession of them. Section 11, Kentucky Statutes, does require, as a condition precedent to the maintenance of an action to quiet title, that the plaintiff shall both plead and prove that she has both title and possession, and in the case of Childers v. York, 187 Ky. 332, 218 S. W. 1027, we said that, and cited a number of authorities to support that proposition; but we also called attention in that case to another line of cases, beginning with the case of Herr v. Martin in 90 Ky. 377, 14 S. W. 356, 12 Ky. Law Rep. 359, wherein an exception is made to that rule, and in which a plaintiff is entitled to maintain an action to quiet title, even though the defendant is in possession, and the doctrine announced in those last-named cases applies here, because this is an effort on the part of Bennett to seize the plaintiff's title.

The defendant here is asking for affirmative relief, and his answer must be taken as a counterclaim. Of course, he does not call it a counterclaim. He merely calls it an answer. A pleading is just a literary picture of the situation upon which the pleading relies, and the

picture of a bear is still the picture of a bear, although one may write above it, "This is a mule." See Woods' Guardian v. Inter-Southern Life Ins. Co., 224 Ky. 579, 6 S. W. (2d) 712. And his answer here is an answer and counterclaim, although he did not write the word "counterclaim" in it. As an evidence that it is a counterclaim, we will just consider briefly the facts and pleadings.

Mrs. Parsons showed she owned these four lots, having acquired one half of them under the deed from Ackels, and the other half under the deed from her husband. The deed under which Bennett claims was made at a time when the deed from A. L. Parsons to Dora Parsons had been of record for six months. The execution upon which this deed is founded was issued and levied on this land after A. L. Parsons had conveyed it to Dora Parsons, and that deed was of record, and, of course, the sale was made in the face of these things. The defendant knew all of this, and to avoid the effect of Mrs. Parsons' recorded evidence of title he alleged these transactions were fraudulent. There was no way for Bennett to succeed, unless he could show they were fraudulent, and thus he was really seeking affirmative relief against Mrs. Parsons. His answer was in reality a counterclaim. He drew the picture of a bear, and called it a mule; but it is still the picture of a bear, and his answer is still a counterclaim, no matter what he calls it. As he failed to prove that Mrs. Parsons acquired her title by fraudulent means, he cannot succeed. The court properly adjudged Mrs. Parsons to be the owner of these lots, to be entitled to the full and complete possession of them, and awarded her a writ for their possession.

The judgment is affirmed.