## McGiboney et al. v. Newman et al.

April 21, 1939.

James M. Gilbert, Judge.

ROBERT J. WATSON for appellants.

W. T. DAVIS and J. E. SAMPSON for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming in part and reversing in part.

Appellee, R. B. Newman, filed this action against appellants, J. H. McGiboney and R. C. Douglass, to quiet title to certain real estate in the City of Middlesboro bounded and described as follows:

"A small triangular peace (piece) of land, being all the land which the Middlesboro Town and Lands Company owned on and prior to the 8th day of May, 1916, in Block 13, Northeast Section of said city, and lying between what was once 17th street of said city and Fitzpatrick Avenue, and being the same property conveyed by deed dated 8th day of May, 1916, to K. H. Whitaker by the Middlesboro Town and Lands Company and recorded in Deed Book 90, at page 458, as shown by the plat on file in the office of the County Clerk of Bell County, Kentucky; and the West one-half of what was originally known as 17th Street, and being a lot or parcel of land in said city 30 feet in width and extending in a Northerly Direction from Cumberland Avenue, a distance of 202½ feet, which said land adjoins the lot and tract of land first described herein and the two together form one contiguous boundary."

Appellants answered, denying that the appellee was the owner and in possession of the land described in the petition, and pleaded that they had legal title to and were in actual possession of land bounded as follows:

"Beginning at a stake in the west building line of the 17th street, said stake stands N 8° E 19.33 from the North Building line of Cumberland Avenue, thence N 8° W with the west line of 17th street 67 feet to a stake in the south line of road as originally proposed; thence with the south line of said

road N 44° 24' W 26.24 feet to the west line of Block 13 NE, thence with West line of Block 13 NE 90 feet to the beginning.

"Also beginning at the same point of beginning, running north and with the west line of 17th street to a stake in the south line of the road as originally proposed; thence at right angle thereto in an easterly direction 30 feet to a stake, thence at right angle with the last line and in a southerly direction in a straight line to the stake 19.33 feet north of the north line of Cumberland Avenue; thence in a westerly direction in a straight line to the point of beginning."

They further alleged that the land thus described in their answer is within the exterior boundaries of the land described in the plaintiff's petition and claimed by the plaintiff. The answer was not made a counterclaim nor did the defendants pray that their title to the land described in the answer be quieted.

Both parties claim through a common source of title, the Middlesboro Town and Lands Company, the land in controversy being a part of the south half of Block 13 northeast of the City of Middlesboro, lying on the east side of Fitzpatrick Avenue and north of and adjacent to Cumberland Avenue, the principal street of Middlesboro.

The solution of the controversy hinges largely on the correct beginning point of Fitzpatrick Avenue, which was dedicated to the City of Middlesboro by the Middlesboro Town and Lands Company by deed of dedication dated April 24, 1905. It is the contention of appellants that this correct beginning point is at a point 19.3 feet north of the north building line of Cumberland Avenue, while appellee contends that the correct beginning point is in the north building line of Cumberland Avenue at a point 200 feet distant from the center line of the L. & N. Railroad measured along the north building line of Cumberland Avenue. It is appellant's theory that, as the deed of dedication of Fitzpatrick Avenue describes that avenue as being parallel with and running 200 feet from the center line of the L. & N. Railroad, the 200 feet must be measured at right angles to the center line of the railroad. If this theory were correct, it seems that appellants' contention would be sound and that the correct beginning point of Fitzpatrick Avenue

would be at the point 19.3 feet north of the north building line of Cumberland Avenue as claimed by them.

We are unable to agree with this contention of appellants. The third call of the deed of dedication is: "Thence parallel to and 175 feet from the center line of said railroad, S 17° 30′ E 1356 feet *to a point in the north line* of Cumberland Avenue 175 feet from the center line of said railroad." We are of the opinion that the words "to a point in the north line of Cumberland Avenue" mean to a point in the north *building* line.

The fourth and last call of the deed is: "Thence along the west line of Cumberland Avenue N 82° 45′ E 25½ feet to the beginning." (The "west line of Cumberland Avenue" obviously should be the *north* line thereof.) This last call clearly runs with the north building line to the point of beginning, which is 200 feet from the center line of the L. & N. Railroad measured along the building line. This is apparent because the course of the north building line is N 82° 45′ E. As pointed out in the testimony of John Rhodes, an engineer introduced by the appellee, the beginning point in the north building line of Cumberland Avenue is actually 200 feet distant from the center line of the L. & N. Railroad when measured along the building line.

We are convinced that the meaning of the language in the deed of dedication describing Fitzpatrick Avenue is that it begins at a point in the north building line of Cumberland Avenue 200 feet from the center line of the L. & N. Railroad when measured along the building line, and that the east and west sides of Fitzpatrick Avenue, described as running 200 and 175 feet respectively from the center line of the L. & N. Railroad and parallel thereto, are at these distances from the railroad center line at every point when measured on a line parallel to the north building line of Cumberland Avenue.

Appellants claim title to the small triangular piece of land immediately east of and adjoining Fitzpatrick Avenue by mesne conveyances from the Yellow Creek Coal Company, which they claim acquired its title by deed dated May 25, 1905, from the Middlesboro Town and Lands Company. By this deed the Yellow Creek Coal Company acquired title to section northeast of Middlesboro, which was bounded on the north by the Canal Reservation; on the west by the east right-of-way line of the L. & N. Railroad Company; on the south by

Cumberland Avenue; and on the east "by the proposed new road or street 25 feet in width extending from Cumberland Avenue to the Canal Reservation." It is appellants' theory that "the proposed new road or street" referred to in that deed was not Fitzpatrick Avenue as dedicated to the city by the Middlesboro Town and Lands Company by the deed of dedication of April 24, 1905, just one month before the deed to the Yellow Creek Coal Company, but that the proposed road or street referred to in that deed was the proposed road as testified to by Mr. McGiboney and shown on the map filed in evidence made by Mr. Davidson, an engineer who testified for appellants. If this be true, then the deed to the Yellow Creek Coal Company, under which appellants claim title, conveyed the triangular strip and appellants have good title to it.

We do not feel, however, that any such location of the proposed road as claimed by appellants and as indicated on their map is satisfactorily established by the evidence. Even though we assumed that it was thus satisfactorily established, it would be doing violence to the language of the deed from the Middlesboro Town and Lands Company to the Yellow Creek Coal Company to hold that such language therein as referred to the proposed new road or street meant anything other than the proposed new road or street which it had conveyed to the city by deed of dedication just one month previously. No satisfactory reason is established by the evidence justifying us in construing the language of the deed to the Yellow Creek Coal Company, referring to the proposed new road, to mean anything other than the proposed new road as dedicated to the city of Middlesboro Town and Lands Company one month prior to the execution of the deed by the same company to the Yellow Creek Coal Company. We are therefore of the opinion that the Yellow Creek Coal Company by its deed did not acquire title to any land east of Fitzpatrick Avenue as now laid out, and that, therefore, the appellee had good title to the small triangular strip described in the second paragraph of appellants' answer, this title being acquired by mesne conveyance from the Middlesboro Town and Lands Company conveying to him all the land which the Town and Lands Company owned in block 13 northeast lying between 17th Street and Fitpatrick Avenue.

It is the contention of the appellants that where

the description of the property intended to be conveyed is ambiguous, the identity of the property must be gathered from the intention of the parties and the accompanying circumstances. This is undoubtedly the general rule. Bain v. Tye, 160 Ky. 408, 169 S. W. 843. This case also holds that where the wording of a deed is ambiguous and the parties have given a practical construction thereto by their conduct, such construction will be resorted to in order to explain the ambiguity.

It is shown that the appellee assessed the first tract described in his petition as containing a frontage of 109 feet on Fitzpatrick Avenue and as being a triangular piece of land 32 by 16 feet, which is in accord with the contention of appellants that appellee did not construe his deed as conveying all the land down to Cumberland Avenue. They also contend that the fact that appellee did not build on this triangular strip in dispute indicates that he did not construe his deed as giving him title thereto. We must admit that there is some force and logic in these contentions. However, in view of the fact of appellee's testimony that this triangular strip has been used by his tenant for the storage of tombstones for eight years and in view of the fact that a reference to the deed of dedication of Fitzpatrick Avenue to the city serves to remove the ambiguity in the description, we are unwilling to say that this evidence is sufficient to justify us in holding that appellee construed his deed as giving him title only to the northern part of block 13 and not to the southern half thereof, which is the triangular strip in dispute between the parties and to which appellants secured the quitclaim deed.

As to the second tract described in appellee's petition, however, which is the west one-half of what was known as Seventeenth Street and which adjoins the triangular strip on the east, a different situation exists. The appellants were, at the time of the filing of this action, in actual visible possession of this tract and were operating a mercantile establishment thereon in a building erected by them.

This action is filed pursuant to Kentucky Statutes, Section 11, to quiet appellee's title, and in such actions it is necessary for the plaintiff to allege and prove both title and possession. Where the plaintiff in his suit to quiet title is not in possession, the case will be decided on its merits, where the defendant asserts title by an-

swer and counterclaim and asks that his title be quieted, but this rule has no application where the defendant merely denies the plaintiff's title and possession and asserts his own title but does not ask for affirmative relief. Cumberland Company v. Kelly, 156 Ky. 397, 160 S. W. 1077; Boreing et al. v. Garrard et al., 210 Ky. 135, 275 S. W. 374; Big Sandy Company v. Abshire, 200 Ky. 38, 252 S. W. 108. In the present case the defendant denied the plaintiff's title and possession and asserted his own title, but did not make his answer a counterclaim and sought no affirmative relief.

It is insisted by appellee that his action could be maintained under the authority of Osborn v. Osborn et al., 204 Ky. 144, 263 S. W. 738; Bennett v. Parsons, 226 Ky. 782, 11 S. W. (2d) 935; and Burger et al. v. Allen, 211 Ky. 742, 277 S. W. 1032, but an examination of those authorities shows that they have no application here. In Osborn v. Osborn, supra, and Burger et al. v. Allen, supra, the answer was made a counterclaim and the defendants sought to have their titles quieted. In Bennett v. Parson, supra, the defndant made an attack on the deed under which the plaintiff claimed title, alleging that the deed was made without consideration and was obtained by fraud. The court pointed out in that case that the defendant was asking for affirmative relief and that his answer must be taken as a counterclaim even though he did not so style it. It was said that where there is an effort on the part of the defendant to seize the plaintiff's title, the court will determine the merits of the case, treating the answer as a counterclaim.

The true distinction between the two different lines of cases is indicated in Big Sandy Company v. Abshire, supra, in which it is pointed out that where the action is to prevent the appropriation and conversion of a. plaintiff's own title, it is not necessary to allege or prove possession, but that where the defendant is casting a cloud on the plaintiff's title by claiming the property under a different and hostile title and not through and under the plaintiff's own title, then it is necessary to allege and prove possession.

In the case at bar, the defendants in the action claim this tract under a title different and hostile to the plaintiff's title and not through or under that title; they make no attack on and do not seek to destroy any link in the plaintiff's chain of title. Therefore, it was nec-

essary for the plaintiff to allege and prove possession, and not having done so, the action could not be maintained.

The conclusions we have reached render it unnecessary to pass on the plea of estoppel made by appellant. He does not claim the triangular strip, to which we have indicated the appellee has good title, by reason of estoppel against appellee, but under the quitclaim deed which he secured approximately six months after he erected the building on the second tract. Also it appears from the evidence that appellee was in possession of the triangular strip by a tenant who used it for the storage of tombstones. As the petition is to be dismissed insofar as the second tract is concerned, because appellee did not have possession we cannot pass on the question of estoppel with reference thereto.

The judgment is affirmed insofar as it quiets the title of appellee to the triangular strip of land and reversed insofar as it quiets his title to the second tract described in the petition, which is the rectangular strip 30 feet wide formerly a part of 17th Street, with directions to enter a judgment dismissing the petition insofar as it seeks to quiet the title of appellee to this second tract.