# Crawley v. Mackey et al.

June 4, 1940.

J. C. Carter, Judge.

718

Tanner Ottley for appellant.

Heb Lawrence and J. C. Carter, Jr., for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This suit in equity was filed in the Cumberland circuit court by appellant, R. L. Crawley, against the defendants, W. A. Mackey and wife, Sallie Mackey, February 18, 1934, under section 11, Kentucky Statutes, seeking to have quieted his title to a certain parcel of land, as to which he alleged that he was the owner, had the legal title thereto and had possession of the land, described as lying in "the lower end of Lawson's Bottom in Cumberland county, Kentucky, formerly known as the Blacks' lands and bounded as follows, to-wit: Beginning at a point near the foot of a hillside known as the East Ridge, thence N. 44 W. about 125 poles, what is known as the old military line, to a white oak standing on a hill, thence N. 12 E. about 70 poles to what is known as the Lewis survey taken up some time in 1832, thence with that line N. 82 E. back to the East Ridge, thence a southerly course with the meanders of the East Ridge to the beginning, containing 75 acres, more or less."

Further he alleged that the defendants, Mackey and wife, were making claim to this boundary adverse and hostile to plaintiff's right and title thereto and also under a deed adverse and hostile to plaintiff's right and interest therein.

By a third paragraph, he averred that defendants had no interest in or claim against the land whatever and that they were casting a cloud on plaintiff's title "by norating around" that they were the owners of said land and that they had a deed to same, and again by saying that it belonged to them by adverse possession.

Plaintiff's petition concluded with the prayer that his title to the land described be quieted, that defendants be required to release to plaintiff any and all false claims against it and that they be stopped "from norating around" that defendants were the owners of same. Further, he filed with his petition a commissioner's deed, directed made him in November, 1933, by

the Cumberland circuit court, wherein the tract of land (alleged to be the same as here involved) conveyed him was described as follows:

"A certain tract or parcel of land situated, lying and being in Cumberland county, in Lawson's Bottom and in what is known as the Nance Hollow, and bounded on the north by the lands of T. C. Goff, W. A. Mackey; on the east by the lands of J. T. Bryson; on the south by the lands of R. N. & J. A. Mackey; and on the west by the lands of R. M. & J. A. Mackey. There is excluded from this boundary of land and not sold all the said above described boundary of land lying east of the East Ridge."

Defendants filed answer, wherein they denied that plaintiff was the owner of or had legal or any title to, or was in the possession of, this tract of land, and further asserted claim to the whole boundary of land described and set up both in the petition and answer and that their claim of ownership thereto was based upon a deed, hostile and adverse to plaintiff's claim and to any right or interest of plaintiff therein. Further they denied that plaintiff had any title to the land to be quieted, or any right which would require them to release it to him.

By a second paragraph, defendants further pleaded that they are the owners and entitled to the possession of a certain tract of land lying in Lawson's Bottom, Cumberland county, Kentucky, therein described by metes and bounds, which boundary of land they allege includes the land set out and described in plaintiff's petition and claimed by him and that they, and those under whom they claim, had held same by deed of record for more than thirty years. By a third paragraph, they allege that they and those under whom they claim had been in the continuous, open, notorious and adverse possession of the land described in the petition and claimed by plaintiff for more than thirty years, using it for all purposes and claiming same to a well-defined boundary for "such a period of time, the memory of man runneth not to the contrary" and that, in addition to the paper title to said land set out in paragraph 2, they are the owners of it by adverse possession, which they pleaded and relied on in addition to their paper

title. Defendants' answer concludes with the prayer that plaintiff's petition be dismissed and that defendants be adjudged the owners of the land described in plaintiff's petition and entitled to the possession thereof, their costs and all proper relief.

It is obvious that the defendants, by this pleading, seek affirmative relief and the pleading, though styled merely an answer, must be taken to be their answer and counterclaim, as it was held in Bennett v. Parsons, 226 Ky. 782, 11 S. W. (2d) 935, and Wood's Guardian v. Inter-Southern L. I. Co., 224 Ky. 579, 6 S. W. (2d) 712, 714, the court in the latter case saying:

> "The rights of litigants are determined by the issues made by the pleadings, the relief sought, and the facts developed by the evidence. · * * * In Shelton v. Hensley, 221 Ky. 808, 299 S. W. 979, we said: 'The name given to a pleading is not controlling, but its character is always to be determined by its allegations.'"

Under section 11, Kentucky Statutes, which authorizes an action such as this to quiet title, "the plaintiff must allege, and, if denied, prove, both title and possession, unless the defendant elects to try title by pleading his own, and asking by way of counterclaim that it be quieted." See Southern Oil Co. v. Holman, 196 Ky. 250, 244 S. W. 762, 763, and the following authorities cited therein announcing the above-stated and well-established construction of this section of the statutes: Fox v. Cornett, 124 Ky. 139, 92 S. W. 959, 29 Ky. Law Rep. 246; Johnson v. Farris, 140 Ky. 435, 131 S. W. 183; Hall v. Hall, 149 Ky. 817, 149 S. W. 1128; Cumberland Co. v. Kelly, 156 Ky. 397, 160 S. W. 1077; Sackett v. Jeffries, 182 Ky. 696, 207 S. W. 454; Childers v. York, 187 Ky. 332, 218 S. W. 1027; Frasure v. Northern Coal & Coke Co., 189 Ky. 574, 225 S. W. 479.

Again, in Taylor v. Wilson, 182 Ky. 592, 206 S. W. 865, was this rule thus stated:

> "One who is not in the actual possession of a tract of land, can not maintain an action in equity under section 11, Kentucky Statutes, to quiet title, but must proceed at law by a suit in ejectment."

Or, as such rule is more fully stated in Arnett v. Elkhorn Coal Corp., 191 Ky. 706, 231 S. W. 219:

"In an action to quiet title to land under section 11, Ky. Stats., the plaintiff, to state a cause of action, must allege facts which show that he is the owner of the land with a legal title, and in its actual possession, and that the defendant is asserting claim to it, which is hostile to plaintiff's title."

Such suit to quiet title to land under this section of the statutes may be maintained under a title acquired by fifteen years' adverse possession (Williams v. Lowe, 175 Ky. 369, 194 S. W. 342; Combs v. Turner, 193 Ky. 636, 237 S. W. 37) and therefore, in such case, neither plaintiff's failure to trace a record title to the commonwealth, nor prove that an old patent covers the land, is fatal to the action. Wilson v. Pioneer Coal Co., 191 Ky. 408, 231 S. W. 37. In other words, it is not essential that plaintiff have a paper title, but only have such title as would give him the right to the possession of the land, which character of title may rest on adverse possession. Turner v. Bowens, 180 Ky. 755, 203 S. W. 749.

Further, the rule requiring that to maintain a quia timet action, one must show a possessory or record title back to the commonwealth, as stated in the Wilson case, supra, is to be taken with the qualification of the rule, that plaintiff need only show title back to a common grantor, through whom both parties claim. Brown et al. v. Martin et al., 239 Ky. 146, 39 S. W. (2d) 243; Stoffler v. Edgewater Coal Co., 198 Ky. 523, 249 S. W. 753.

The facts here shown by the pleadings, exhibits and testimony of the parties and their witnesses are that the appellant, Crawley, acquired title to the tract of land in dispute by a deed made him by the commissioner of the Cumberland circuit court in December, 1933, as ordered by it in the suit of Della Keaton v. Duff Allen, wherein the land conveyed was described by its boundary calls as follows:

"On the North by the lands of T. C. Goff & W. A. Mackey, On the East by the lands of J. T. Bryson, On the South by the lands of R. M. & J. A. Mackey, On the West by the lands of R. M. & J. A. Mackey.

"There is excluded from this boundary of land and not sold all the said above described boundary of land lying East of the East Ridge."

This land was there sold to foreclose a mortgage on the land given by Duff Allen. Duff Allen, in turn, received his title to the land by the deed of his mother, Mrs. O. T. Allen, and by deed of Luther Crawley (the appellant) and wife, dated May 16, 1918. Mrs. O. T. Allen received title to the tract by an order of the Cumberland circuit court, entered in the suit of Mary E. Speak v. R. M. Black on November 23, 1894, giving the same boundary calls as set out in the deeds, supra.

This latter deed was turned over by Mr. Crawley to a surveyor, who from its calls made a survey plat of the land. The calls of this plat, describing the land to which plaintiff seeks to have his title quieted, are set out in plaintiff's petition. There is some contention made as to whether or not the land so set out can be identified as the land which the appellees claim and title to which is here in issue.

The appellant Crawley contends that the land of Duff Allen, conveyed him by the commissioner's deed in 1933 by order of the Cumberland circuit court, entered in the mortgage foreclosure suit of Della Keaton v. Duff Allen, extended back from Duff Allen to his grantor, Mrs. O. T. Allen, who he claims purchased the tract in question at a commissioner's sale had in 1894 under an order entered by the court in the case of Mary E. Speak v. R. M. Black.

However, Lon Black, a son of the said R. M. Black, testified that the Black lands laid on the east side of the East Ridge boundary line, whereas the Nance Hollow lands in Lawson's Bottom, known as the Mackey lands, laid on its west side, and that neither his father, R. M. Black, nor any of them, ever claimed ownership of any lands lying to the west of the East Ridge, the dividing line between them.

On the other hand, in support of appellees' claim of ownership of the disputed tract, as asserted in their answer and counterclaim, it is testified that it is located in Nance Hollow, west of East Ridge, and has been owned, occupied and controlled by the Mackeys since same was sold and conveyed by the Allens to James

Mackey or to Duff Allen and by him sold and conveyed to Mackey in 1887; and that the said James Mackey and his successors in title, down to appellee, have continuously occupied, claimed and used this Nance Hollow land, including the tract here involved, under both paper title and title acquired by their continued adverse possession of it.

It is further claimed by appellees that the conveyances made by Mrs. O. T. Allen to her son, Duncan Allen, whose land was conveyed by the commissioner to appellant in 1933, as stated, were each and all champertous, in that the land so attempted to be conveyed was adversely held in possession by the defendant Mackey or by his predecessors in title.

It further appears that after counsel for appellees had filed their answer and counter-claim and had taken proof, he was taken by death, when other counsel were employed by appellees, following which, on August —, 1936, the earlier order of submission made of the case was, upon the parties agreeing thereto, ordered set aside and the case continued; also that the affirmative matter in the pleadings of the parties was taken as controverted of record. Later, on motion of defendants by counsel, it was ordered that so much of the answer of the defendant, W. A. Mackey, as pleads counterclaim or any affirmative matter be dismissed.

Appellant most earnestly contends that the trial court, in sustaining the motion withdrawing the defendant's counterclaim, committed an error so prejudicial to his substantial rights as calls for a reversal of the judgment rendered against him.

Appellant contends that the effect of the withdrawal of the counterclaim, by which defendant asserted title in himself to the land in dispute, was to relieve defendant of the burden of proving his possession of the land, title to which he sought to have quieted, and to impose upon him (plaintiff) the burden of showing title to the land back to the commonwealth, which he was unable to do by reason of the loss by fire of the records under which he might have established such title and also prove his possession of the land sought to be quieted in title at the time of filing the suit.

In answer to this contention, it is to be noted that

the plaintiff was advised, when filing his suit under section 11, Kentucky Statutes, he was required, in order to state a cause of action, to allege and maintain by proof facts showing that he was the owner of the land with legal title and then in its actual possession.

Ordinarily, as stated supra, actual possession is necessary to the maintenance of an action to quiet title, but where, as here, the defendant himself asserted title by answer and counterclaim, asking affirmative relief, the court, in such case, notwithstanding plaintiff's failure to show actual possession, will consider the entire evidence and pass on the question of superiority.

However, such was not effective to render it improper for the court to permit the appellee to withdraw his counterclaim, where, in doing so, he gave each of the parties leave to take further proof, by which they might establish their possession of and title to the land. Such amendment of the record, made by agreement after the order of submission of the case was set aside, we are of the opinion could not be regarded as visiting an undue hardship upon appellant, where he was permitted to take proof to establish the very facts he alleged and was required to allege in his petition when bringing the action.

The only restriction imposed on the court's discretion in the matter of permitting amendments at any time in the pleadings is that the offered amendment should work in the furtherance of justice and not change the claim of defense in the way of adversely affecting the substantial rights of the adverse party.

The appellant, objecting and excepting to the withdrawal by defendants of their counterclaim and claiming that his substantial rights were adversely affected thereby, contends that its permitted withdrawal reimposed upon him the burden of proving the matters alleged, which he confessed he was unable to prove. The case was submitted upon the record, including plaintiff's stipulation of facts, when the court adjudged that plaintiff had failed to manifest his right to recover, in that he failed to show both connected title to the commonwealth and possession, which was incumbent upon him, and dismissed his petition.

Without commenting upon that part of the judg-

ment, holding that plaintiff, upon the withdrawal of the counterclaim, was required to show good title back to the commonwealth or a common source, which appellant did not undertake or offer to do, we conceïve that the court's determination of the issues submitted was, when measured by the rules and principles above stated and here conceived applicable, correct, and therefore the judgment is affirmed.