# Floyd et al. v. Bruce et al.

October 22, 1948.

D. G. Diamond and Harvey Parker, Jr., for appellants.

Norman W. Bowman for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellees, C. E. Bruce and other joint owners, heirs of Alexander Bruce, filed their petition in equity against the appellants, Woodrow Floyd and wife, in which they allege title and the right of possession of one and one-half acres of land. They asked judgment "for possession," damages and rents. The first four paragraphs of the answer were categorical denials and the last two paragraphs were allegations of ownership and possession of the land through right of record title and adverse possession. The defendants charged the plaintiffs were casting a cloud on their title, and asked that it be quieted.

The court regarded the petition as presenting an action in ejectment and transferred the case to the common law docket. Later, the court struck the last two paragraphs of the answer because it was not denominated a counter claim, as is specifically required by sec. 97,

subsec. 4 of the Civil Code. See Kelly v. Kelly, 298 Ky. 847, 183 S. W. 2d 805. Instead of perfecting their pleading by a simple amendment, the defendants let it stand, and now complain of the court's action as erroneous. They rely upon Bennett v. Parsons, 226 Ky. 782, 11 S. W. 2d 935, in which it was held in a suit to quiet title that the defendant could obtain affirmative relief even though his answer was not styled as a counter claim. The later course of these pleadings affords a basis for the appellants' contention. But there was no effort made to rescind the order after the suit became one of quia timet. In any event, the defendants were not prejudiced, for they presented all their evidence and it was considered by the court.

A jury trial was entered upon, but at the close of the evidence the court directed a verdict for the plaintiffs. On some undisclosed day of the same term of court (the clerk's record being negligently prepared), the plaintiffs had filed an amended petition seeking to have their title quieted. The judgment grants all the relief prayed for by the plaintiffs, including the quieting of their title.

The plaintiffs prove the record title to fifty-seven acres, which includes, as they contend, the one and one-half acres in controversy, back to a common grantor. They proved a judgment quieting title in their father, rendered in 1881. One or more of the plaintiffs have been living on the tract for many years, and they testified the parcel has been within the fence boundary and in actual possession for many years. It seems to be rough and generally uncleared. It was formerly used as picnic grounds by permission of the plaintiffs. They had exercised acts of dominion throughout the years. A surveyor was agreed upon, and he filed a plat, but it does not spot the parcel and the references of the witnesses to the plat are of little use to us. As we understand the evidence, the parcel in controversy is cut off from the rest of the plaintiffs' tract by Scaffold Lick Creek, and that it is also bound by a railroad right-of-way. But neither the creek nor the railroad is shown on the plat. However, the surveyor found the parcel to be within the plaintiffs' lines. His survey, made according to ancient descriptions, came nearer to closing than is usually the case. He found the natural markers called for in the

deeds. The plaintiff who owned a one-half interest in the property admits that about 1911 or 1912 he had heard that the defendants' predecessor was claiming this parcel and had once cut some stove wood on it. But, according to the plaintiffs, there had been no other invasion by the defendants until recently, and they were then served with notice to desist trespassing.

The evidence of the defendants is that the creek has been recognized to be the common boundary, and that the one and one-half acres are included in the descriptions in the deeds in their chain of title. But they do not trace title back to the common grantor. The defendants show that some of their predecessors had once cut some timber from the parcel and had cleared a part of it for cultivation, but the evidence is indefinite and insufficient to establish title by adverse possession. Kash v. Lewis, 224 Ky. 679, 6 S. W. 2d 1098.

The defendant, Floyd, admits that when he bought his land, he knew that the plaintiffs were claiming this parcel.

Regardless of the form of action, originally or finally, we think the Circuit Court properly adjudged title and the right of possession in the plaintiffs.

The judgment is affirmed.