### Newsome v. Hamilton,

(Decided February 1, 1911.)

## Appeal from Floyd Circuit Court.

Jury Trial—One Cannot Avoid by Bringing Action in Equity—Ejectment.—A party cannot avoid a trial by jury by bringing his action in equity, unless he is authorized by law to bring it there.
  . The evidence showing appellee to be in the actual possession of the land, claiming it as his own, the action should have been in ejectment.

JAMES GOBLE for appellant.

W. S. HARKINS and J. D. HARKINS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant, Newsome, filed his petition in the lower court averring that he was the owner and in possession of a tract of land which he described, and that appellee, Hamilton, was falsely and without right or title setting up claim to a part of it and giving it out in speech that he was the owner thereof, thereby casting a cloud upon his title, which appellant seeks by this action to remove. Appellee asserted in his answer that he was the owner and entitled to the possession of about twenty acres of the land described in the petition, and that he was in the actual possession thereof before, at the time and since the institution of this action. He also alleged that he had owned, claimed and been in the actual and adverse possession of the land to which he asserted title for more than thirty years. The evidence was taken upon these issues and the lower court adjudged that appellee was the owner of the land in dispute and dismissed appellant's petition.

Appellant brought this action in equity claiming that he was the owner and in possession of the land. This was denied, and the testimony shows that the land was in the actual possession of appellee before and at the time the action was brought. This was fatal to appellant. Section 11, Kentucky Statutes, was enacted for the purpose of enabling the owners of land, in the actual possession thereof, to bring an action in equity for the purpose of having the title quieted, as an action in ejectment will not lie in such a case. The testimony in the case at bar shows that at the time the action was instituted, appellee was in the actual possession of the land in dispute claiming it as his own. This being true, appellant should have proceeded at law by bringing an action in ejectment. In the case of Cockrell, &c. v. Colson et al., 116 S. W., 775, a case very much like the one at bar, the court said:

"Appellants were not in the actual possession of the land in dispute, or any part of it, at the time they instituted their action. This was fatal to them, and we instruct the lower court to dismiss their action and render judgment against them for appellee's cost."

In the case of Brown v. Ward, 105 S. W., 964, 32 Ky. Law Rep., 261, the court said:

"To maintain an action under this statute, (meaning section 11), the plaintiff must not only have the legal title, but the actual possession of the land. The legal title

and constructive possession is not sufficient. Constructive possession necessarily follows the legal title, but actual possession does not. If the meaning of the statute was that constructive possession was sufficient, there was no necessity for saying that the complainant must have the legal title as well as the possession. The word 'possession' is virtually meaningless, unless it is construed to be an actual possession.''

See also the case of L. & N. R. R. Co. v. Taylor, 128 S. W., 326; Kincaid v. McGown, 88 Ky., 91, and Horn v. Bates, 114 S. W. 763.

A plaintiff cannot avoid a jury by bringing an action in equity, unless he is authorized by law to bring his action there. For this reason, it is not necessary to consider the other questions raised in the briefs.

The judgment of the lower court is affirmed.