## George Hettiger and Basilius Huck, Partners, as Hettiger & Huck, and as Union Brewery v. Davenport Malt & Grain Company.

(Decided October 19, 1911.)

### Appeals from Jefferson Circuit Court (Common Pleas Branch, Third Division).

Contracts—Sale of Malt to Brewery—Option for Additional Quantity—Meaning of Word "Needed."—Where a brewery contracted for 6,000 bushels of malt for use in its business and took an option on 2,000 bushels more if needed, the grain company contracting to furnish the malt was under obligation to furnish the additional 2,000 bushels only in the event it was needed by the brewery in its business.

WM. M'KEE DUNCAN for appellants.

GIFFORD & STEINFELD for appellee.

Opinion of the Court by Judge Lassing—Affirming.

George Hettiger and Basilius Huck are partners in the ownership of a brewery in Louisville. On the 20th day of November, 1906, they entered into a contract with the Davenport Malt & Grain Co., of Davenport, Iowa, for their malt supply for the following year, under which contract said Malt & Grain Company was to deliver to them six thousand bushels of malt at 61c per bushel, to be delivered as needed; and an option was at the same time granted on two thousand bushels additional in case same should be needed. The Malt & Grain Company, during the life of this contract, delivered malt from time to time until it had delivered more than the six thousand bushels. The price of malt advanced very materially a short time before the expiration of this contract, and the Malt Company ascertained that the Brewery had taken more malt than it needed in its business, and was in fact exercising this option for the two thousand additional bushels in order to sell it and make a profit out of it. They thereupon declined to deliver some seven hundred and fifty-six bushels. The Brewery owed them a balance on what had been delivered, but declined to pay it unless the Malt Company allowed them a credit for the profit they could have made out of the seven hundred and fifty-six bushels undelivered. This the Malt Company declined to do, and suit was instituted for the balance due it.

The only controversy in the lower court was as to the right of the Brewery to exercise this option for the remainder of the two thousand bushels of malt when it was not needed in the business of the company. At the conclusion of the evidence the court instructed the jury to find for the plaintiff, and from the judgment predicated on that verdict this appeal is prosecuted.

The contract is as follows:

"This contract of sale made between The Davenport Malt & Grain Co., of Davenport, Iowa, and Union Brewery, of Louisville, Ky., witnesseth that

"The Davenport Malt & Grain Co., of Davenport, Iowa, sells to the party aforesaid six thousand bushels of A Malt at 61c. per bushel, 34 lb. to the bushel, screened, delivered Track Louisville, Ky., two per cent. off for ten days cash. Delivery to be made at the rate of as needed cars per ——; Terms ninety days.

"This contract is not binding until the same has been

fully confirmed and countersigned by the said Davenport Malt & Grain Co., at Davenport, Iowa. This contract in any event terminates by limitation the first day of November in the year following date thereof, unless otherwise specified.

"Should the Davenport Malt & Grain Company by reason of damage to or destruction of plant by fire, or for any other unavoidable cause be unable to operate its plant or make delivery under this contract, it reserves the right, in such event, to terminate and cancel this contract as to such portion thereof remaining undelivered at said time, and it shall be exempt from any liability by reason thereof.

"Dated at Louisville, Ky., November 20, 1906.

"Salesman, Theo. Sindt, Manager.

"The Davenport Malt & Grain Co.

"Per Theo. Sindt, Manager.   Purchaser ————

"Shipment via Big 4.          Per ——————————"

"An option is hereby granted on two thousand bushels more in case same is needed."

The whole case turns on the meaning of the word "needed" as used in this contract. If, as contended by appellee, it means "needed in the conduct of the brewery business during the life of this contract," then the judgment must be affirmed; for while George Hettiger, one of the partners, testifies that it was needed, he shows clearly that it was not, for early in October they ordered a carload and this car was sold immediately upon its arrival in Louisville. In fact, it was never taken to the Brewery at all. The market for malt at that time had advanced from 61c., the contract price, to $1.21, and it is not difficult to see why the Brewery was anxious to exercise this option, even though the malt was not needed in the conduct of its business, for they were selling it at a handsome profit on the market. The primary object of construction is to arrive at the intention of the parties. Looking at the contract with this object in view we have little difficulty in determining that in its execution the parties were aiming merely to provide an ample amount of malt for the proper conduct of the brewery business during the life of the contract. Appellants were not brokers in malt, and there is no pretense that when this contract was entered into it was contemplated that any of this malt would be sold by appellants. On the contrary, from the language used in the contract it is appar-

ent that the parties understood that the supply of malt for which they were contracting was only such as they felt they would need in the conduct of the business during the succeeding year.

The word "needed" appears twice in this contract. This malt was to be shipped by appellee "as needed." Clearly the word needed here means "required for the bsuiness." Six thousand bushels were contracted for absolutely, and the right to two thousand bushels additional given "in case more is needed." It can not be that the word "needed" here was used in the sense of "desired" or "wanted," disconnected with the conduct of appellants' business, for if appellants had the right to demand it in any event then the addition of the words "in case same is needed" was unnecessary, for if the option was to be exercised at their pleasure no qualifying words were required. The very fact that these qualifying words were coupled with the option is the best evidence that the parties to the contract understood that this two thousand bushels was only to be taken in the event it was needed in the business. The contract is a simple agreement on the part of the Malt Company that it will supply to the Brewery during the year, from time to time, as called upon to do so, six thousand bushels of malt, of a certain quality and weight, and that if needed in the brewery business it will supply such additional malt, up to two thousand bushels, as might be required in the conduct of the business, at the same price. The Brewery was under obligation to take only six thousand bushels. The Grain Company was under obligation to furnish the two thousand bushels additional only in the event it was needed by the Brewery in its business. The evidence for appellants showing conclusively that this additional malt was not needed in appellants' business, the court did not err in its ruling.

Judgment affirmed.