## City of Cloverport v. Polk Canning Company.

(Decided September 20, 1912.)

### Appeal from Breckenridge Circuit Court.

Title—Action to Quiet Title.—In an action to quiet title an allegation of possession is necessary to be made and sustained, and where there is a failure of any proof of the essential element of possession, such an action cannot be maintained.

V. G. BABBAGE for appellant.

L. A. FAUREST for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

On May 12, 1903, one E. B. Oglesby conveyed a four-acre plot of ground to the city of Cloverport. On the same day the city conveyed it to the appellee. The conveyance by the city to the canning company was in nature a donation to secure the location of a canning factory there. The deed contained this stipulation:

"It being understood and agreed between the parties hereto that in the event the party of the second part should remove or cause to be removed from the land herein conveyed their canning factory about to be erected on said lands or in the event they should cease operation within three years from this date, then the land herein conveyed shall revert back to the party of the first part, the city of Cloverport, Ky."

It appears that the plant was operated for something over three years, and was then removed. The mayor of the city testified that, finding the gate to the lot open about a year before, he had closed the gate and taken possession, finding the lot "apparently lying there idle;" that he had arranged to have it ploughed, but that the man had gone off without doing so. The city brought this action to quiet title. It relied on this proof

alone to sustain its allegation of possession—an allegation necessary to be made and sustained in a suit quia timet. The defendant's proof showed that it entered into possession, built its factory shortly after obtaining the deed, and operated it for something over three years, when it ceased to operate it; that the L., H. & St. L. Railroad had put down a switch or spur across the land under authority from the canning company, and was yet operating it; that certain land owned by the railroad company and this land were, by agreement, enclosed throughout the time in one boundary. The mayor did not testify to a single act of possession, or to any act save that he closed an open gate. There was a failure of any proof of the essential element of possession, and the chancellor was not in error in dismissing the petition.

The right of the city to make this donation, the validity of the deed endeavoring to make it, and the effect of the removal of the factory upon the title within the purview of the quoted section of the deed, are questions for future litigation, to which this action is not a bar.

The judgment is affirmed.