## Taylor v. Wilson.

(Decided December 20, 1918.)

### Appeal from Carlisle Circuit Court.

1. Quieting Title—Possession of Defendant.—One who is not in the actual possession of a tract of land, can not maintain an action in equity under section 11, Kentucky Statutes, to quiet title, but must proceed at law by a suit in ejectment.

2. Quieting Title—Pleading.—An answer which pleads certain mat- ters in bar of the right of plaintiff to have his title quieted to a tract of land, but which pleading does not assert or claim superior title in defendant, is not styled a counterclaim and does not pray for affirmative relief, does not make such issue as would justify

a court of equity in taking jurisdiction of such action and determining who is the holder of the superior title.

JOHN K. HENDRICK and SHELBOURNE & SHELBOURNE for appellant.

JOHN E. KANE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Alleging that she was the owner and in the actual possession of a large boundary of land and accretions thereto, described by metes and bounds, situated on the east bank of the Mississippi river, in Carlisle county, Mrs. M. M. Taylor instituted this action against T. J. Wilson to quiet her title on the ground that Wilson was asserting some kind of claim to her land which cast a cloud upon her title. The boundary of land described in the petition contains about one thousand acres on the shore, to which Mrs. Taylor asserts there has been added several hundred acres of accretions, extending it out into the river from the main land and also from Island Number Three, which lies between the main land and the center or thread of the river. All the allegations of the petition, including the ownership and possession of the plaintiff, were traversed by the answer. The answer also alleged title and possession in the defendant Wilson, and concluded with this prayer: "Wherefore, having answered, he prays to be dismissed hence, with his cost and for all proper relief." After the issues were made, evidence was taken by which it is clearly shown, and in fact is admitted by both sides, the plaintiff was not in the actual possession of the land at the time of the commencement of the action, but the evidence does show that the defendant Wilson and his predecessors had held and claimed the land in controversy for a long number of years.

The chancellor, upon hearing, dismissed the petition in the following judgment: "This cause coming on to be heard the same is ordered submitted to the court for trial on the pleadings, proof and exhibits and the court having heard the same and being sufficiently advised thereon, it is the judgment of the court that plaintiff's petition be and the same is hereby dismissed absolutely and that she take nothing whatever by her petition and that defendant, T. J. Wilson, do recover of the plaintiff

his cost in this action expended and for. which execution is ordered to issue, to all of which judgment plaintiff objects and excepts and prays an appeal to the Court of Appeals, which is granted.''

Mrs. Taylor appeals, insisting that the answer of the defendant, while not styled a counterclaim was in sub-stance and effect such, and by its allegations presented a cause in ejectment which, though triable properly at law, when heard by the chancellor must be treated in the same manner as the verdict of a properly instructed jury, there being no motion by the defendant to transfer the case to the ordinary docket. This action was instituted, under section 11, Kentucky Statutes, which reads:

"It shall and may be lawful for any person, having both the legal title and possession of lands, to institute and prosecute suit, by petition in equity in the circuit court of the county where the lands or some part of them may lie, against any other person setting up claim there-to; and if the plaintiff shall be able to establish and does establish his title to said land, the defendant shall be, by the court, ordered and decreed to release his claim thereto.''

Under this section this court has repeatedly held that an action to quiet title cannot be maintained, unless the plaintiff is the owner and in the actual possession of the land. In Newsome v. Hamilton, 142 Ky. 5, it was said: "An action to quiet title does not lie against a person who is in actual possession of land claiming it as his own. Ejectment is the proper remedy.'' And in the case of Musick v. Horn, 145 Ky. 39, will be found this statement: "The law is well settled that in actions brought pursuant to section 11, Kentucky Statutes, plaintiff must prove both the legal title and actual possession in order to recover.'' Again in the recent case of Reynolds v. Binion, 177 Ky. 190, the court said: "In order to sue in equity to quiet title, it is essential that plaintiff be in possession of the land.'' See also Bowling v. Breathitt Coal, Iron & Lumber Co., 134 Ky. 249; Whipple v. Earwick, 93 Ky. 121; Johnson v. Farris, 140 Ky. 135; Hall v. Hall, 149 Ky. 817; Gately v. Wilder, 12 R. 622; Cornelison v. Foushee, 101 Ky. 258; Dennis v. Cock, 50 S. W. 30; Henderson v. Clark, 163 Ky. 192; Fields v. Combs, 169 Ky. 55; Smith v. Gatliff, 9 R. 553.

From this long line of cases it appears that the law in this state is well settled that a plaintiff in a suit to quiet title must not only have the title but the actual possession of the land at the time of the commencement of the action; ownership and constructive possession are not sufficient.

If the plaintiff be the holder of the legal title but not in possession of the lands in dispute, he cannot proceed in equity under section 11, Kentucky Statutes, to quiet title, but is left to his remedy at law by a suit in ejectment.

It is insisted that the answer of defendant Wilson is in substance and effect a counterclaim, and that having filed a counterclaim setting up title in himself against the plaintiff Taylor, the court acquired jurisdiction of the cause for all purposes and should have decided the question of superiority of title as between the plaintiff and defendant. Appellee was in the actual possession of the lands, and did not acquiesce in the chancellor taking jurisdiction, but relied expressly upon the want of possession of the lands by appellant to bar her right of action in equity to quiet title. Civil Code, section 96, thus defines a counterclaim: "A cause of action in favor of a defendant against a plaintiff, or against him and another, which arises out of the contract, or transaction, stated in the petition as the foundation of the plaintiff's claim, or which is connected with the subject of the action." A counterclaim is really an independent action and every allegation necessary to constitute an independent action is necessary to constitute a good counterclaim. Commonwealth v. Barker, 103 S. W. 303. An answer, to be sufficient as a counterclaim or set-off, must allege facts sufficient to constitute a good cause of action in favor of the defendant against the plaintiff, if the pleading was a petition instead of an answer, and the defendant was plaintiff, and the plaintiff a defendant. Cross v. Snyder's Admrx., 164 Ky. 370; Crabtree Coal Mining Co. v. Hamby, 90 S. W. 226; Gordon v. City National Bank, 140 Ky. 47; Prichard's Exrs. v. Peace, 98 Ky. 99. "No judgment may be maintained in favor of the defendant on a counterclaim set up in the answer where the caption of the answer does not contain the word 'counterclaim.' " Williams v. Mining Co., 153 Ky. 772. "A counterclaim, however, under the Code is but another name for a cross-

petition and may be so styled without impropriety, especially in an action prosecuted by equitable proceedings." Walker v. Smysers' Execs., 80 Ky. 632.

As a counterclaim is but a cause of action asserted by the defendant against a plaintiff and must contain all the allegations necessary to uphold an original petition, it must also contain a prayer for the relief to which the defendant considers himself entitled on the counterclaim.

Section 90 of the Code provides the petition must state facts which constitute a cause of action in favor of the plaintiff against the defendant, and must demand the specific relief to which the plaintiff considers himself entitled, and may contain a general prayer for any relief to which the plaintiff may appear to be entitled. Measured by these rules, the answer of the defendant Wilson in this case does not amount to a counterclaim. The first paragraph is a traverse of the allegations of the petition. The second paragraph pleads an act of the legislature of 1837, authorizing a sale of islands in the Mississippi and a grant by the Commonwealth under said act to the remote vendors of defendant Wilson of the lands in question, in bar of the right of plaintiff to recover; and in the same paragraph asserts that the defendant and his predecessors are and have been in the actual possession of the lands in controversy "for more than the last half century;" and further that plaintiff's father, from whom she inherited the lands in question, acquiesced in the sale of the land by the state to defendant's remote vendors, and for these reasons it is averred the plaintiff is estopped to prosecute this action.

By the third paragraph of the answer defendant pleads and relies upon the seven year statute of limitation in bar of the right of plaintiff to recover, and by the fourth paragraph he relies upon the fifteen years statute of limitation, as a bar to the right of plaintiff to maintain the action. It will be observed that the several pleas interposed by the defendant are in bar of the right of the plaintiff to recover, and are not in the nature of an affirmative plea asserting superior title in defendant Wilson. The answer shows defendant relied upon the want of right in plaintiff more than upon superior title or right in himself. No affirmative relief is asked by defendant. His prayer is "to be dismissed hence." Taken

as a whole the answer is only a denial of the right of the plaintiff Taylor to recover the lands and not a plea for affirmative relief for the defendant Wilson. The pleading is not styled "a counterclaim;" does not contain the elements thereof, nor does it contain a prayer that would indicate that the pleading either was or intended to be a counterclaim. Counsel for appellant asserts that the answer is adroitly prepared for the purpose of avoiding the result which appellant now insists has attached. It is evident that the pleading was prepared with care, but we cannot consent to appellant's contention that the answer is a counterclaim, asserting paramount title in the defedant, thereby giving the court jurisdiction to determine who is the holder of the superior title. Counsel for defendant is not to be blamed for exercising care and skill in the preparation of the pleading, and his client will not be required to surrender any right to which he is entitled on the face of the record because of the adroitness of the pleader, where no bad faith is either charged or apparent.

The plaintiff failed to sustain her cause by evidence. She was not in the actual possession of the lands in controversy at the time of the commencement of the action, and an action to quiet title does not lie where the defendant is in the actual adverse possession of the lands. Even where the plaintiff is in the constructive possession of the lands but not in the actual possession thereof, the action must be in trespass.

The trial court properly dismissed the petition of the plaintiff, and the judgment is affirmed.