## Taylor v. Wilson.

(Decided March 25, 1919.)

### Appeal from Carlisle Circuit Court.

1. Quieting Title—Actual Possession.—An action to quiet title does not lie against a defendant who is in the actual possession of the land.

2. Judgment—Actions at Law—Suits in Equity.—"A judgment given against a plaintiff on the single ground that he has mistaken his remedy or form of action is no bar to his subsequent action brought in proper form."

JOHN K. HENDRICK and SHELBOURNE & SHELBOURNE for appellant.

JOHN E. KANE for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE SAMPSON.

(For original opinion see 182 Ky. 592.)

The judgment of the circuit court dismissed the petition of the plaintiff Taylor, appellant here, for the reason that she was not in the actual possession of the land at the time of the commencement of the action, following the rule of this court, often announced, that an action to quiet title does not lie against a defendant who is in the actual possession of land, claiming it as his own. As the evidence conclusively proved that appellee Wilson was in the actual possession of the land in controversy at the time the suit was instituted, and the appellant virtually admitted that she was not in the actual posses-

sion, the judgment was affirmed by this court. The proper remedy in such cases is by ejectment.

While Mrs. Taylor was not entitled to maintain an action to quiet title, she could have maintained an action in ejectment. The judgment below did not go to the merits, but only dismissed plaintiff's petition. Such a judgment, though affirmed by this court, does not prejudice the right of Mrs. Taylor to institute and maintain the proper kind of action. "A judgment given against a plaintiff on the single ground that he has mistaken his remedy or form of action, is no bar to his subsequent action brought in the proper form." 2nd Black on Judgments, 715; 1st Freeman on Judgments, secs. 260, 265; City of Covington v. Chesapeake & Ohio Ry. Co., 112 S. W. 862; Rice v. West, 42 S. W. 116, 19 Ky. L. R. 832.

If appellant, Mrs. Taylor, would otherwise have a right of action in ejectment to recover the land in controversy that cause is not prejudicially affected by the judgment in the preceding case to quiet title for the reasons above stated, and that judgment can not be pleaded as res judicata.