### LESTER PIANO CO. v. ESCANABA VENEER CO.
#### No. 4438.

Circuit Court of Appeals, Third Circuit.
Dec. 16, 1930.

W. A. Hamilton and Francis Chapman, both of Philadelphia, Pa., for appellant.

Edward P. Geuther and James L. Baxter, both of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and KIRKPATRICK, District Judge.

WOOLLEY, Circuit Judge.

On October 31, 1927, the plaintiff, a manufacturer of veneers, entered into a written contract with the defendant piano company wherein the former engaged to cut and deliver and the latter to accept and pay for a named quantity of maple veneer in specified shapes, at a time or times provided by this sentence: "SHIPMENT MUST BE MADE NOT LATER THAN To be taken in as we need it."

The piano company was slow in giving shipping instructions. About one year after the date of the contract one carload of veneer was delivered and accepted. About a year and a half after the contract, the veneer company tendered a second carload which the piano company refused on the ground that it did not "need" it. In the suit that followed the plaintiff veneer company moved for and was given judgment on the pleadings under the Pennsylvania Practice Act. The defendant appealed, bringing here for review several questions decided by the trial court, the first involving a construction of the contract with reference to the time of delivery.

The trial court construed the contract as an absolute purchase of veneer without a fixed time for delivery. It therefore applied the rule of reasonable time and on the pleadings (that is, in the absence of conflicting evidence) found that that time had been reached when the plaintiff tendered the second carload.

Turning to the contract, we hold, with the trial court, that the words "To be taken in as we need it" do not make the contract conditional. The defendant's obligation to buy is complete and absolute. Its obligation to "take" must be performed sometime. These words therefore affect the time for delivery only. If the parties had meant to make the need of the defendant a condition precedent to its engagement to take the veneer they would have said something like this: "To be taken only *if* we should need it." See distinction in Hettiger v. Davenport Malt & Grain Company, 145 Ky. 39, 139 S. W. 1072. Whether such a contract would be good is not in point.

The words, "to be taken in as we need it," are, however, in a valid contract and mean something. They cannot be disregarded. Being there, they cannot be treated as though they were not there. If the clause had been left blank and no limiting words whatever had been used, delivery and acceptance would, of course, have been required within a reasonable time and that ordinarily would mean as soon as the plaintiff had manufactured the veneer. "Where the goods are to be manufactured the time reasonably necessary to manufacture and deliver them furnishes the test." Williston Sales, § 45. In using the words here under construction it seems clear that the parties intended to indicate the time of delivery with greater exactness than if they had fixed no time, and indicated an intention to postpone delivery beyond the time when, in the absence of a fixed time, the law would imply a reasonable time. It seems to us, looking at the phrase through the eyes of the parties, that the only rational construction which can be given it is as though it read, "To be taken as needed in the ordinary course of our business," that is to say, at such time or times as the defendant should need the veneer, considering the character and scope of its business as it was conducted at the time the parties were talking. Such a construction does not permit the defendant to escape taking

the veneer at some time, nor does it permit the defendant to avoid its engagement by some act of its own, for instance, by stopping the manufacture of maple pianos, thus creating a lack of need for the maple veneer it had purchased, but it allows a latitude as to time of delivery beyond the rule of reasonable time. The determination of the time involves a knowledge and therefore requires proof of the circumstances as they existed when the parties contracted and as they persisted afterward. The character of the defendant's business, its volume, the manner in which it is conducted, its output as affected by trade conditions or business policy, its ordinary requirements, its seasonal fluctuations and the like, are facts to be taken into account. In view of such conceivably relevant facts we cannot see how it is possible, until they are proved, for a court to say that a year and a half is within or beyond the time contemplated by the contract. It is hardly possible, in the absence of evidence, for a court to say that even a longer period is or is not the contract time of delivery because the first carload was not delivered until the end of the year, which would certainly postpone the time for the delivery of the second carload.

■ We are of opinion that the time of delivery under the contract can be determined only by a jury on facts other than, or in addition to, those averred in the pleadings. On this ground we are constrained to reverse the judgment and permit the case to be tried.

■ Another question brought here by this appeal and not necessary for us to decide in view of our conclusion just announced is the rule of damages applicable to this case. The trial court held, correctly, we think, that as the contract was for the manufacture and sale of veneer of specified kind and specified shapes the measure of damages for breach by the defendant is not the difference between the contract price and the market price but is the contract price itself on the theory that the goods had been manufactured for and appropriated to the defendant's use and the tender thereof was the equivalent of delivery.

As the same question will arise at the trial we are disposed to pass on it now and accordingly hold that, if the situation at the trial be the same as that developed by the pleadings, the rule of damages applied by the learned trial judge is right. The reason, in a few words, is this:

The plaintiff bought maple lumber to cover its contract with the defendant. Maple lumber deteriorates rather quickly if not cut into timber. The plaintiff informed the defendant of this fact when it was asking its permission to cut the lumber and urging its acceptance of deliveries, and in reply the defendant, as it admitted in its affidavit of defense, "directed the cutting of the logs into regular pin block stock 61″ long x 11″ wide and 11″ long x 61″ wide" which are shapes specified by the contract. This was direction by the defendant to cut the lumber, implicit in which, inevitably, was its assent to do the thing it directed. And when the plaintiff, acting upon the defendant's direction, cut the lumber and held it for the defendant, that amounted in law to an appropriation. Distinguished from Frank Pure Food Co. v. Dodson, 281 Pa. 125, 126 A. 243, where the defendant did nothing looking toward appropriation.

The judgment is reversed and the case remanded for trial.