## ESCANABA VENEER CO. v. LESTER PIANO CO.

### No. 4702.

Circuit Court of Appeals, Third Circuit.

Feb. 23, 1932.

Edward P. Geuther and James L. Baxter, both of Philadelphia, Pa., for appellant.

W. A. Hamilton and Francis Chapman, both of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and KIRKPATRICK, District Judge.

WOOLLEY, Circuit Judge.

The parties contracted for the sale and purchase of maple veneer to be used in the manufacture of pianos. The contract, in the form of a written order, provided for delivery as follows: "To be taken in as we need it." These words called for interpretation not only in respect to the time of delivery but to the validity of the contract as a whole and turned on the question whether "need" meant actual need of the purchaser as it may, if ever, develop in the future and whether accordingly its engagement to take the veneer was conditional and therefore did not amount to a binding contract.

When the case was here before, 46 F. (2d) 27, 28, we construed this troublesome expression in its several bearings and held that the instrument was a fixed, complete and unconditional contract binding both parties, the seller to deliver and the purchaser to accept the things covered by its terms, and that the time of delivery should be determined by the purchaser's need of the veneer as intended and understood by the parties at the time the contract was entered into—"at the time the parties were talking."

Whether or not the time of delivery had arrived was, we held, necessarily a question for the jury, difficult perhaps, yet susceptible of proof, suggesting, but in no sense limiting, the proof of such facts as the character of the defendant's business, its volume, the manner in which it is conducted, its output as affected by trade conditions or business policy, its ordinary requirements and season-

al fluctuations, all certainly in the mind of the defendant and presumably in the mind of the plaintiff at the time they signed the contract.

At the trial the parties approached, touched and more or less swung around these suggested facts, and other facts, as guides to the time of delivery determinable by the criterion of the defendant's need at the time of the contract, under a handling of the case by the learned trial judge which, we gather from the absence of any assignments of error challenging his rulings on evidence, must have been entirely satisfactory to both parties. But after verdict and judgment for the defendant the plaintiff appealed and complains because, it says, the court on the evidence should not have submitted the case to the jury; and on the submission it did not properly state the case in that it treated the contract as conditional and the defendant's "need" as actual in the future rather than as contemplated at the time of making the contract.

The court could not have approved the plaintiff's general point and directed a verdict in its favor because, while the facts may be substantially undisputed, nevertheless the whole question was one of inference to be drawn from them. Where varying inferences may be drawn from given facts the question is always for the jury. Here the question was whether tender had been made within the time contemplated by the contract as shown by the facts. Or, more specifically, what was intended by the words, "to be taken in as we need it," could only be ascertained as a matter of fact from the character of the business and the conditions under which it was conducted as known to the parties at the time of the contract.

On the question of improper submission of the case there is no doubt that the learned trial judge understood the interpretation of the contract which this court made on the first appeal and that, recognizing it to be the law of the case, intended to charge it as declared. Nor is there any question that in the opening of the charge he correctly stated the law. He closely followed our opinion and liberally quoted its words. Nor can exception be taken to his statement of the opposing contentions of the parties as to the meaning of the phrase in question. Instead of confusing the jury this statement must have helped them to understand what, as against their opposite positions, was its true meaning. Although midway the charge the learned trial judge for a moment departed from the exact line of the interpretation, indicating future actual need on March 4, 1930, yet when this was called to his attention by counsel for the plaintiff he correctly and emphatically re-stated the rule laid down by this court, saying: It is "the need of the business as it was conducted at the time at which the parties were talking— that is, when they made the contract." Though he allowed an exception to his previous statement, the learned trial judge cured any infirmity in what he had said by re-stating the law correctly. Except to the court's refusal to charge certain of its points, the plaintiff took no other exception to the charge. Indeed, the plaintiff's counsel at the argument stated that the reason for not doing so was that after the charge they really did not know what they had to except to. We may take it from this as well as from its text, viewed as a whole, that the charge was not misleading, certainly not so misleading as to require reversal in the absence of exception.

We resolve against the plaintiff all assignments of error on the court's refusal to charge points requested.

The judgment is affirmed.