## Carpenter et al. v. Carpenter.

(Decided June 8, 1937.)

A. F. BYRD and A. H. ALLEN for appellants.

W. R. PRATER for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

Appellee, Cynthia Carpenter, in her appeal styled Carpenter v. Arnett et al., reported 265 Ky. 246, 96 S. W. (2d) 693, 695, the judgment of the lower court was reversed, and the following judgment was rendered:

'We are of the opinion that the court should have sustained the petition and set aside the conveyances.''

In the lower court Cynthia Carpenter presented the mandate in keeping with the opinion of the court which is as follows:

"The court being sufficiently advised, it seems to them the judgment herein is erroneous. It is therefore considered that said judgment be reversed, and cause remanded for proceedings not inconsistent with the opinion herein; which is ordered to be certified to said court."

In pursuance of said mandate, the following judgment was rendered:

"The mandate and opinion of the Court of Appeals in the above styled case having been issued and filed, now, therefore, in obedience to the provisions thereof, it is adjudged that the plaintiff, Cynthia Ann Carpenter, is entitled to the relief sought in her original and amended petitions. And the deed executed by Irvin Carpenter and Cynthia Ann Carpenter to George Carpenter on the 13th day of May, 1925, and of record in the office of the clerk of the Magoffin county court, Kentucky, in deed book 46, page 397. Also the deed from George Carpenter to Irvin Carpenter of date the 13th day of May, 1925, and of record in the office of the county court clerk of Magoffin county in deed book 46, page 403, which were referred to, filed with and made a part of plaintiff's petitions in said case, are now and hereby cancelled, set aside and held for naught. And the plaintiff, Cynthia Ann Carpenter, is adjudged to be the owner of the land and property referred to, bounded and described in the deeds above referred to. And she is hereby quieted in her title thereto. And she is adjudged her costs herein expended, for which she may have execution, and this cause is stricken from the docket. The defendants and each of them object and except to this judgment."

Which judgment was excepted and objected to by appellants, consequently this appeal.

Appellants complain of the judgment to the extent that it adjudges Cynthia Carpenter to be the owner of the land and property referred to and bounded and described in the deeds, and that she is hereby quieted in her title therein.

They say the only question under consideration and presented by the pleading and prayer of the petition was whether or not the deeds to the land claimed.

by the appellee were procured by the fraud of Irvin Carpenter, her husband.

It was the opinion of the court that the petition should be sustained, in other words, it was the court's judgment that the deed should be canceled and held for naught, which of necessity made her the owner of the land in so far as it affected the rights of the parties to the action. The judgment to the extent of declaring the deeds void and canceled and held for naught, as well as adjudging the appellee to be the owner of the land, we think proper and correct, but to the extent of quieting her title, we think erroneous, for the reason, that to quiet the title required actual possession of the land at the time of the institution of the action which she did not have, nor did she allege actual possession at that time. Le Moyne v. Hays, 145 Ky. 415, 140 S. W. 552; Taylor v. Wilson, 182 Ky. 592, 206 S. W. 865; Id., 183 Ky. 695, 210 S. W. 670; Floyd v. L. & N. R. R. Co., 80 S. W. 204, 25 Ky. Law Rep. 2147; Hatton v. Williams' Ex'r, 259 Ky. 548, 82 S. W. (2d) 774. We therefore conclude that the judgment fails to follow the court's mandate.

When the case is tried below and appealed to this court and remanded to the lower court, that court on following the mandate will take judicial notice of this court's opinion and render its judgment accordingly. Tuttle v. Irvine Construction Co.'s Receiver, 253 Ky. 538, 69 S. W. (2d) 1034; Brashears v. Frazier, 110 S. W. 826, 33 Ky. Law Rep. 662; Board of Education of Cumberland County v. Jones, 194 Ky. 603, 240 S. W. 65.

Judgment reversed for further proceedings consistent with this opinion.