## Davis et al. v. Daniel et al.

Nov. 16, 1943.

Wheeler & Wheeler for appellants.

W. R. McCoy for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

The litigation below began in the name of John W.

Teass, suing George Daniel and others of the same name and family. During the progress of the trial and after he had testified, Mr. Teass died, and under proper orders of the court the suit was revived by appellants, the survivors and heirs of the original plaintiff. Teass filed his petition in equity in which he claimed title to a large tract of what is admittedly "wild mountain" land in Martin County, by virtue of deeds from various parties, including one from a land holding company, back to patents from the Commonwealth. However, the particular parcel of land involved here is of small acreage. In his petition plaintiff alleged that upon delivery of the deeds he became invested with title and took possession, "and has ever since said time and now is the owner and holder of the legal and equitable title."

His petition charged that appellees were claiming some interest in a portion of the described land, and under that claim had been cutting and removing timber, without his consent. He sought damages and injunctive relief, and prayed specifically that his title to the boundary be quieted. A demurrer to the petition was overruled, and the defendants answering jointly and severally denied the allegations of the petition; they did not make the pleading a counterclaim, merely asking that plaintiffs' petition be dismissed, without seeking affirmative relief.

A great mass of testimony was taken pro and con, the effort on the part of plaintiff being to show paper title back to patents. The appellees undertook to show that original plaintiffs' record title did not cover the particular parcel of land claimed by appellants, and that their paper title, traced also to what were claimed to be senior patents, actually embraced the disputed acreage. One engineer testified that the Teass boundary included the area; another engineer was just as positive that the acreage was not embraced in that boundary.

Upon submission on proof, pleadings and numerous exhibits by way of copies of deeds, patents, maps and blueprints, the court dismissed the petition, holding that plaintiff had not sufficiently alleged possession of the property at the time of institution of the suit, which sought to quiet title. He went further and adjudged that the plaintiff had failed to show by proof that plaintiffs had title to that part of the property involved, or to the timber alleged to have been cut or removed. The

court did not undertake to place the title to the disputed tract in appellees, and there is no cross appeal on their part.

We are of the opinion that the court correctly construed the petition as not sufficiently pleading possession, at least at the time of the commencement of the suit. In order to sustain an action to quiet title it must be alleged that the plaintiff had possession at the time the suit is begun. Taylor v. Wilson, 182 Ky. 592, 206 S. W. 865, and cases cited. Even should there be question as to the correct ruling as to the sufficiency of the pleading, the court nevertheless properly dismissed the petition because of lack of proof that appellants, or their predecessors in record title, ever had actual possession of the boundary, or the tract of land involved. Mr. Teass in testifying said no more than that he held the deeds covering the entire acreage, and that he never gave permission to defendants to cut or remove timber. Furthermore, it is not shown that any of his predecessors in title had ever occupied or had the land in requisite possession, or that the heirs of Mr. Teass, now parties, undertook to show occupancy or possession.

We have so frequently construed Ky. Stats. sec. 11, KRS 411.120, to mean that in order to maintain successfully an action to quiet title it is necessary for the plaintiff to allege and prove title and possession, that a few citations will suffice. Some of the earlier cases are Dupoyster v. Turk, 110 S. W. 260, 33 Ky. Law Rep. 320; Horn v. Bates, Ky., 114 S. W. 763; Le Moyne v. Hays, 145 Ky. 415, 140 S. W. 552. More recent cases are Combs v. Jones, 244 Ky. 512, 51 S. W. (2d) 672; Crawley v. Mackey, 283 Ky. 717, 143 S. W. (2d) 171; Smith v. Slusher, 291 Ky. 600, 165 S. W. (2d) 38; McGiboney v. Newman, 277 Ky. 835, 127 S. W. (2d) 860. In the last named case we pointed out the exception to the rule to the effect that when the plaintiff is not in possession the case will be decided on its merits where the defendant asserts title by answer and counterclaim, and seeks to have his title quieted.

Under the pleadings and proof the chancellor was correct in refusing to quiet appellants' claimed title, hence the judgment is affirmed.