## Goins v. Catron.

April 27, 1945

Victor A. Jordan and J. D. Tuggle for appellant.

J. F. Catron, Sr., and Zeb A. Stewart for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD— Affirming.

Appellee sued appellant setting forth his paper title to and consequent ownership of a tract of land containing 8 acres. He further alleged that appellant was asserting ownership of the land and thus casting a cloud upon his title; that appellant had cut and removed timber from the land and planted and removed crops, to appellee's damage in the sum of $250, and had threatened to and would continue to trespass unless enjoined from so doing.

The prayer of the petition was that the appellee's title be quieted; that he be adjudged the owner of the land; that appellant be enjoined from com-

mitting further trespasses thereon; and that appellee recover the damages alleged. The amount of the damages was later, by amended petition, increased to $1000. Appellant by answer, denied appellee's ownership of the land without denying the execution or delivery of the conveyances in appellee's alleged chain of title, and by counterclaim asserted title in himself by adverse possion. A reply traversing the allegations of the counterclaim completed the issues.

Appellee testified to his ownership of the land in controversy, and filed in evidence a certified copy of the deed conveying it to him. He, however, failed to prove that he had taken actual possession or to trace his title back to the Commonwealth or to a common source. Appellant neither testified nor offered any evidence; and the Chancellor on final submission adjudged appellee to be the owner; that his title be quieted; that he recover $300 in damages; and that appellant be enjoined from further trespassing.

It is conceded by appellant that appellee's failure to prove possession, as required by KRS 411.120 as a condition precedent to the maintenance of an action to quiet title, was waived by appellant's filing of a counterclaim asking that he be adjudged the owner and that his title be quieted. Moreover, KRS 381.230 authorizes the maintenance, by an owner not in possession, of an action to enjoin trespassing. But it is insisted by appellant that his filing of a counterclaim, asking that he be adjudged the owner and that his title be quieted, did not waive appellee's failure to prove a title deducible from the Commonwealth or a common source, and that such failure entitled appellant to a judgment dismissing the petition. In this he is mistaken, as it has several times been held by this Court that where both parties seek an adjudication of title, it is the duty of the Court to decide the controversy by determining merely which has the superior title. Justice v. Staton, 291 Ky. 179, 163, S. W. 2d 471; Crawley v. Mackey et al., 283 Ky. 717, 143 S. W. 2d 171.

As before stated, appellee alleged and proved a title vested in him by an apparently valid deed, whereas appellant made no attempt to prove title in himself by adverse possession or otherwise. It follows that the judgment appealed from was correct and should be affirmed. It is so ordered.