## Smith et al. v. Williamson.

February 3, 1948.

R. Monroe Fields, Judge.

G. R. Blackburn for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

In a petition in equity filed by the named appellant and five others, it was alleged that William Smith is the owner of a life estate (in the described land) and that "the remainder in fee simple is owned by" the other named plaintiffs, and that "they possess the legal title to and are seized in fee simple of the" described lands. It was then alleged that Williamson was setting up claim to the land or parts thereof; that his claim is adverse to "plaintiff's title, in that he claims to own and entitled to possession of said lands, and is giving

it out in speeches that he is the owner thereof," but "that defendant does not own and has no right to claim an interest in their lands; that any claim he makes constitutes a cloud upon their title." Prayer was for a decree quieting title in plaintiff.

The Chancellor sustained Williamson's demurrer to the petition, giving plaintiffs opportunity to plead further and upon their declining to do so petition was dismissed. This appeal follows and from briefs it is apparent that the court sustained the demurrer because the petition failed to allege that plaintiffs were in actual possession of the land at the time of institution of the suit.

The Chancellor in sustaining the demurrer followed Sec. 411.120, KRS, which with the exception of a few unimportant words reads the same as Sec. 11 of the 1936 Revised Statutes. It reads in part: "Any person having both the legal title and possession of land may prosecute suit, by petition in equity * * * against any other person setting up a claim to it."

Appellant sets out the essential elements of a suit in equity to quiet title, among which he lists title in plaintiff and possession. The argument of counsel is that by the use of the words "they possess legal title and are seized in fee simple of the described lands," he has sufficiently complied with the statute as to allegation of possession.

It is contended that the words seized in fee simple import both title and possession, and that "seizin" is the only word in law which does have that exact meaning and no other; while it is sometimes defined in lay dictionaries as meaning simply possession, yet if that be so, title is properly alleged anyhow and we see no escape from the conclusion that title and possession are plainly stated." The brief concludes, with reference to the pleading: "Although it might be more concise, yet many acceptable pleadings are less so, and in clarity it is sufficient to serve all the purposes which may be required of it."

Since the Chancellor sustained the demurrer because of failure to allege possession, as the word has been construed in our opinions dealing with the statute, this defect could have been cured by the use of a

few simple words, but it is the insistence of appellant that the words adopted "import" possession, a contention not supported by any authority, domestic or foreign, and we have found none in support where the court had under consideration a statute which contained the requirement as in our statute.

It would serve no useful purpose to go into legal history and trace the origin, use and meaning of the word "seized," from feudal times to the present. We do find that sometimes the word has been construed to imply or mean possession, actual or constructive, sometimes title with nothing more than mere right of possession.

It may be noted that when the legislature by Sec. 381.230, KRS provided for an action for trespass, it permitted such action by the owner notwithstanding he may not have "actual possession." However, the intent and meaning of Sec. 411.120, KRS is no open question. We have construed it to mean that in order to maintain an action to quiet title, plaintiff must allege and prove he is in actual possession. This has been the ruling since the enactment of the statute, beginning, perhaps, with Brandenburgh v. Louisville Tin & Stove Co:, 36 S. W. 7, 18 Ky. Law Rep. 297, and adhering down to Davis v. Daniel et al., 295 Ky. 717, 175 S. W. 2d 501, and Rose v. Rose, 296 Ky. 18, 176, S. W. 2d 122. An exception to the rule is in cases where plaintiff did not allege possession and defendant by answer asserted title in himself and asked affirmative relief, in which case the court may determine which has superior title. A reference to Notes and Annotations to KRS under Sec. 411.120 will show the numerous cases in which the statute has been construed and the consistency of our ruling. In our construction we have given the word "possession" its usual, common and ordinary meaning, as was manifestly intended by the legislature, and in the face of our numerous decisions cannot say that the technical words used in the pleading have thus far acquired any such peculiar or appropriate meaning in our law as would allow their substitution. See Chalk v. Chalk, 291 Ky. 702, 165 S. W. 2d 534. We conclude that the Chancellor correctly sustained demurrer to the petition.

Judgment affirmed.