# Waller v. Parsley.

May 2, 1950.

Edward P. Hill, Judge.

C. F. See, Jr. for appellant.

W. R. McCoy for appellee.

CHIEF JUSTICE SIMS—Reversing.

The parties to this appeal own adjoining tracts of land along Tug River in Martin County. Appellant, Asberry Waller, filed a petition in equity asking that his title be quieted to a tract of land therein described. Appellee, Floyd Parsley, denied he was encroaching upon appellant's land and claimed paper title to the tract in dispute of about three and a half acres and also averred title by adverse possession. The answer described by metes and bounds a tract of land to which appellee averred he had title. By agreement L. E. Wallace, surveyor of Martin County, was ordered to make a survey of the lands of both parties and to make a map thereof. This he did and filed his report and map showing his survey of the land in dispute. Upon the case being submitted to the chancellor on the pleadings and depositions, judgment was entered quieting appellee's title to

the land described in his pleading, and this appeal followed.

Appellee's pleading by mistake set out a description of land not involved in this controversy, but deeds purporting to cover the land in dispute were introduced by appellee and all the evidence taken related to the disputed boundary. The parties treated the issue as fully made up and submitted the case to the chancellor. Appellant failed to prove the possession necessary to maintain suit to quiet title under KRS 411.120, but since in his pleading appellee averred he had title to the land in dispute, the court will treat the question of possession as waived. Goins v. Catron, 300 Ky. 583, 190 S. W. 2d 322.

Appellee claims the boundary line between his property and that of appellant is a fence shown on the map and he testified he and his predecessors in title had owned, claimed and been in the peaceful, notorious and adverse possession of this land up to this fence. He further testified that he and W. R. Prince, a former owner of appellant's land, built this fence in 1931.

Appellant insists that the true boundary between his farm and that of appellee is a line shown on the map north of the fence and practically parallel with it. He contends that the fence was originally built on the line he claims but that parts of the fence washed out regularly during floods and appellee moved the fence further south after each washout, until he finally erected it as shown on the map and took in about three and a half acres of appellant's farm.

Appellant's contention is supported by the testimony of Jossie Price, George Chaffins and Sherman Richardson, former residents on his farm. However, C. F. Harris, a teacher, 82 years of age and a former tenant on appellant's land, testified the present fence is about on the same line as the old fence which was erected in 1887. Melvin Romans, 64 years of age, testified the present fence looks to be in the same location as when his uncle, Tom Romans, owned appellee's farm when the witness was a boy, and that it is in the same place as when appellee's father, Tom Parsley, owned the land in 1922. Fred Horn, 65 years of age, and a former tenant on appellant's farm, says the present fence line prac-

tically follows the line of an old rail fence which was formerly on the property.

There is ample evidence to support the chancellor's judgment that appellee is the owner of the three and a half acres in dispute. The record shows that for more than fifteen years appellee and his predecessors in title have been in adverse possession of this land to the fence shown on the map which constitutes the south-north boundary line between his and appellant's farm. But appellant insists that as appellee acquired his land in 1931 and built this division fence that year, he had been in adverse possession of the land in dispute but thirteen years before this action was instituted in 1944. However, appellant loses sight of the fact that appellee's mother had been in the adverse possession of the land in dispute since 1908, and her possession can be tacked on to that of appellee's, since he and her other children inherited the land from his mother and are in privity with her. Culton v. Simpson, 265 Ky. 343, 96 S. W. 2d 856; Turk v. Wilson, 266 Ky. 78, 98 S. W. 2d 4. The proof shows the fence erected in 1931 followed the line of the fence erected years before by appellee's predecessors in title.

As stated at the outset of this opinion, appellee's pleading by mistake sets out the description of a tract of land not involved in this controversy. But in his proof appellee introduced the correct deed covering the land adjoining the farm of appellant. The judgment of the chancellor erroneously quieted title to the land described in appellee's pleading and for this reason the judgment must be reversed. Had appellee's pleading described the land covered by a deed he introduced in evidence, which land adjoins appellant's farm, the judgment would have been correct had it quieted title thereto.

The judgment is reversed for the sole reason there is a fatal variance between appellee's pleading and proof. Appellee's pleading described and the court quieted his title to land not in controversy. This is unfortunate as all the proof was directed at the land in dispute but as appellee did not describe in his pleading the land to which he wanted his title quieted, we can do nothing but reverse the judgment.

Judgment is reversed.