Nora L. HAWS, Appellant,

v.

Ollie J. SHORT et al., Appellees.

Court of Appeals of Kentucky.

June 21, 1957.

Rehearing Denied Sept. 20, 1957.

C. F. See, Jr., Louisa, for appellant.

K. C. Elswick, Louisa, for appellees.

MONTGOMERY, Judge.

Nora L. Haws has filed a motion for an appeal from a judgment quieting the title and fixing the boundary line between her property and appellees' adjoining property. The appellees filed this action seeking relief under KRS 411.120. The property involved is a narrow strip of land valued at $500.

The complaint alleges that the appellees are "the owner of and entitled to the exclusive possession of the real estate hereinafter mentioned and described". Appellant's motion to dismiss the action for failure to state a claim against her was overruled. She contends that the complaint is defective for failure to allege that appellees had actual possession of the premises at the time the complaint was filed.

The pertinent part of KRS 411.120 is:

"Any person having both the legal title and possession of land may prosecute suit, * * * in the circuit court of the county where the land or some part of it lies, against any other person setting up a claim to it."

The statute was construed in Smith v Williamson, 306 Ky. 467, 208 S.W.2d 503, 504. The ruling of the lower court in sustaining a demurrer to the petition was sustained for failure to allege possession. The Court said:

"* * * the intent and meaning of Sec. 411.120, KRS is no open question. We have construed it to mean that in order to maintain an action to quiet title, plaintiff must allege and prove he is in actual possession. This has been the ruling since the enactment of the statute, beginning, perhaps, with Brandenburgh v. Louisville Tin & Stove Co., 36 S.W. 7, 18 Ky.Law Rep. 297, and adhering down to Davis v. Daniel, 295 Ky. 717, 175 S.W.2d 501, and Rose v. Rose, 296 Ky. 18, 176 S.W. 2d 122. * * *"

The latest case in which this question was considered is Noland v. Wise, Ky., 259 S.W.2d 46, 48. The rule was stated thus:

"It is fundamental that in an action to quiet title the plaintiff must allege and prove both title and possession. Childers v. York, 187 Ky. 332, 218 S. W. 1027; Combs v. Turner, 193 Ky. 636, 237 S.W. 37; Combs v. Jones, 244 Ky. 512, 51 S.W.2d 672."

See also Newsome v. Hamilton, 142 Ky. 5, 133 S.W. 952; City of Cloverport v.

Polk Canning Company, 149 Ky. 414, 149 S.W. 817; Taylor v. Wilson, 182 Ky. 592, 206 S.W. 865; Brown v. Martin, 239 Ky. 146, 39 S.W.2d 243; Warfield Natural Gas Company v. Danks, 271 Ky. 452, 112 S.W. 2d 674; McGiboney v. Newman, 277 Ky. 835, 127 S.W.2d 860; Spencer v. Steele, 296 Ky. 3, 175 S.W.2d 1008.

Appellant filed an answer consisting of a denial, an allegation of title by adverse possession under color of title, and a claim of estoppel by agreement as to the disputed line. No affirmative relief by counterclaim was sought by appellant; therefore, the requirement as to possession by appellees was not waived. Crawley v. Mackey, 283 Ky. 717, 143 S.W.2d 171; Justice v. Staton, 291 Ky. 179, 163 S.W.2d 471; Goins v. Catron, 300 Ky. 583, 190 S.W.2d 322; Noland v. Wise, Ky., 259 S.W.2d 46.

The lower court was in error in over-ruling the motion to dismiss the complaint.

The motion for appeal is sustained and the judgment is reversed.